EDWARD W. AUSTIN

*v.*

ALEXANDER H. UNDERWOOD.

1. HOMESTEAD EXEMPTION—*what constitutes purchase money.* Where a party, owning and residing upon a homestead, purchases and obtains a conveyance of land adjoining thereto, to be used as a part of the same, and procures the purchase money of the land thus added to the homestead to be paid by a third person, as a loan to the purchaser, the money thus paid by the lender will be regarded as purchase money of the land thereby acquired, as against the homestead claim of the purchaser for whom it was paid.

2. Such a case is distinguishable from one where money is borrowed to pay a preëxisting debt which was created in the purchase of the homestead·

3. It is the common understanding of the term purchase money, that it means money paid for the land, or the debt created by the purchase.

4. SAME—*effect of uniting in the security for the purchase money, a debt of a different character.* Although other indebtedness, as well as purchase money, may be secured by a deed of trust upon a homestead, in which there is no release of the homestead right, yet if the mortgagor omits to pay or offer to pay that portion which is purchase money, and a sale is had under the deed of trust in default thereof, the title will pass to the purchaser, and he may recover the premises in ejectment.

5. CHANGE OF THE FORM OF SECURITY—*its effect.* A change in the form of the security given for the purchase money, as from a mortgage to a deed of trust, will not change the character of the debt; the consideration of the mortgage being purchase money, it would so continue under the deed of trust.

APPEAL from the Court of Common Pleas of the city of Elgin; the Hon. RICHARD G. MONTONY, Judge, presiding.

This was an action of ejectment instituted in the court below by Edward W. Austin against Alexander H. Underwood. The trial resulted in a verdict and judgment in favor of Underwood, the defendant. The plaintiff, Austin, brings the case to this court by appeal. The principal facts appear in the opinion.

M. SYLVANUS WILCOX for the appellant.

Messrs. PLATO & SMITH for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the court:

This was an action of ejectment in the Common Pleas of the city of Elgin in the county of Kane, brought by appellant against appellee, for the Northeast fraction of the Southwest quarter of section 29, Township 42 North, in range 8 East, containing 55½ acres, a timber lot adjoining containing four (4) acres, and another piece, adjoining on which the defendant's house and buildings were situated in which he lived, containing twenty-one (21) acres. Trial by jury and verdict and judgment for the defendant, and an appeal to this court.

The appellant claimed title to the premises by purchase, under a trust deed executed April 4th, 1858, by appellee and wife, to J. C. Austin, to secure five promissory notes executed to E. W. Austin, of even date with the trust deed. Default having been made, the trustee, J. C. Austin, after due notice, sold the land to E. W. Austin, in three separate parcels. The piece containing 55½ acres, for the sum of five hundred and twenty-six 9-100 dollars; the four acre tract for forty-five 60-100 dollars, and the tract containing twenty-one acres, for five hundred and sixty-eight 22-100 dollars, in all, amounting to eleven hundred and eighty-nine 91-100 dollars. The proceedings under the trust deed are all regular, but there was no release of the homestead right by appellee to

the trust deed. It was proved, appellee had a small house and barn on the twenty-one acre tract, and lived on it August 11, 1858, had lived there with his family six or eight years; in 1854 or 1855, appellee purchased the 55 acre tract, and the four acre tract of Dibb, and since that time has occupied the whole farm; all the three pieces of land adjoining one another, and worth ten or twelve dollars per acre; appellee had worked the Dibb tract, but no one had lived on it, since Dibb sold to appellee and left.

The appellant then read in evidence, a certified copy of a mortgage deed, dated March 31st, 1855, executed by appellee and wife to the appellant, reciting, that he was indebted to appellant in the sum of $987.40 by his five notes of even date, one of them due one year after date, and four payable yearly thereafter, at ten per cent. payable annually, and to secure the payment of these notes appellee granted, bargained and sold to appellant the 55 and 21 acre pieces of land. In this mortgage there was no power of sale or release of the homestead. It was duly acknowledged and recorded.

On the 11th of August, 1858, appellant released this mortgage to appellee, which release was acknowledged August 11th, and recorded September 3d, 1858.

The appellant also proved by Thomas Dibb and Mary Dibb, that she being the owner of about sixty acres of land in the town of Dundee in Kane county, which, it is not denied, is the 55½ and 4 acre pieces, conveyed the same to appellee, by deed, executed in March, 1855; that appellant paid the whole consideration, being about nine hundred dollars, in gold; when the land was sold to appellee, he said appellant would furnish the money, and appellee would secure him by a mortgage on the land; appellee never paid the Dibbs anything for the land; he never had the money in his hand, and had nothing to do with paying the money; the entire consideration money was paid by appellant.

One Hewet testified, that he bought land of appellee in 1857, for which he paid four hundred dollars, a part of which being three hundred and thirty dollars, he paid to appellant;

at that time appellant said appellee owed him between three and four hundred dollars, but don't know whether he meant to say that was all appellee owed him, or all that was then due him; from 1855 to 1857, appellee had no means except what he raised on the farm, and that was not more than enough to support his family.

The question arising on these facts is, was this money, thus paid by appellant, purchase money? if it was, a homestead right cannot, under the statute, be set up against the recovery.

We said in the case of *Eyster* v. *Hathaway*, decided at April term, 1864, that money borrowed of a third person, and paid out by a purchaser of land, cannot be regarded as purchase money. It is the common understanding of the term purchase money, that it means money paid for the land or the debt created by the purchase.

In that case, the money was borrowed to pay a preëxisting debt; in this case the land was purchased with the money of appellant and actually paid over by him for the land, not one dollar of it passing through the hands of appellee, and the entire consideration of the indebtedness was the deed to appellant.

This case is, therefore, clearly distinguishable from that, for here the entire consideration for the 55½ acres, passed directly from the appellant to Dibbs, and the deed executed to appellee, on the understanding, he was to give appellant a mortgage on all his land, to secure the payment. This, it appears he did do, which appellant, about the time of the execution of the deed of trust, released, taking his security under the deed, instead of under the mortgage.

Taking the trust deed, was but a change of security. The consideration of the mortgage, was purchase money, and it so continued under the deed of trust. *Curtis* v. *Root*, 20 Ill., 53.

Although other indebtedness, of which there is no proof, may have been secured by the trust deed, over and above the purchase money for the Dibbs farm of 59 acres, or the money secured thereby partially paid, still, appellee should

Syllabus.

have tendered the amount due on the purchase money advanced for the 59 acres; not having done so, the title passed to appellant, by the sale under the trust deed to this 59 acres, and the appellant was entitled to recover them in his action of ejectment.

The judgment of the court below is reversed and the cause remanded for other proceedings not inconsistent with this opinion.

*Judgment reversed.*