## FENWICK H. F. MAGEE

*v.*

## NORMAN R. MAGEE.

1. HOMESTEAD—*what constitutes purchase money.* A purchaser of land went into possession and occupied it as a homestead. While so in possession he procured a third person to pay the purchase price to the vendor, promising to execute a mortgage to secure the re-payment of the money as soon as he obtained a deed. He obtained the deed, but refused to execute the mortgage. Upon bill filed by the party paying the money, against the purchaser, to enforce his lien upon the land, it was *held*, that the money paid by the complainant, having been paid by him directly to the vendor for the purpose of having the land conveyed to the purchaser, must be regarded as the purchase money of the premises, against which the defendant could not assert a homestead exemption.

2. JURISDICTION—*time of making objection.* An objection to the jurisdiction of a court of chancery, on the ground that there is an adequate remedy at law, comes too late after answer filed, unless it be in a class of cases where that court could under no circumstances entertain jurisdiction.

3. So where a person advances money for a purchaser of land, paying the purchase money to the vendor, upon the promise of the purchaser to execute a mortgage when he obtained a deed, to secure the re-payment of the money, but afterwards refuses to do so, and the party so advancing the money files his bill in chancery to enforce his lien upon the land, an objection to the jurisdiction in chancery because there is an adequate remedy at law, to be availing must be made before answer filed.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Mr. JOHN CLARK, for the plaintiff in error.

Mr. ROBERT G. INGERSOLL and Mr. S. D. PUTERBAUGH, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that some time in the year 1862, plaintiff in error entered into a contract with one Pairo for the purchasing of a forty acre tract of land, agreeing to pay therefor the sum of $400, and for which he executed his promissory notes, payable in one, two and three years, with seven per cent. interest per annum, and received a bond for a deed. In the month of October, 1866, plaintiff in error, being wholly unable to pay the amount due on the purchase money, applied to defendant in error and requested him to make the payments, and proposed to give him a mortgage on the land as soon as he received a deed, to secure its re-payment. Defendant in error acceded to the proposition. The parties thereupon went to Peoria and saw Bourland, the agent of Pairo, and defendant paid $244 in money, and became surety for plaintiff in and for the sum of $100 more, on the purchase money, which he subsequently paid.

Plaintiff in error then agreed to pay the money to defendant in error in the following March, and to execute a mortgage on the premises to secure its payment, immediately on their return home, and on their arrival there in pursuance to the agreement, they went to a justice of the peace to have it executed, but he having no blanks, it was deferred, it being then agreed that it should be executed another time. It was, however, neglected, and defendant in error subsequently demanded the mortgage, when plaintiff in error refused, and alleged that he owed defendant in error nothing. It appears that defendant in error paid on the purchase of the land $346.50, no

portion of which ever passed into the hands of plaintiff in error, but it was paid directly to the agent of Pairo, on the contract.

It appears that at the time the money was advanced by defendant in error, plaintiff in error resided upon the land. The bill was filed in the court below by defendant in error to enforce his lien on the land, and on a hearing the court below decreed the relief prayed ; and this writ of error is prosecuted to reverse that decree.

It is urged as a ground of reversal, that inasmuch as the premises in controversy were the homestead of plaintiff in error when the money was paid it could not become a lien on the land. That the money thus advanced by defendant in error was not and did not become a part of the purchase money for the premises. The second section of the homestead act excepts debts and liabilities for the purchase or improvement of the homestead from the operation of the law; and leaves it liable to sale for such debts in the same manner as other real estate. The only question, then, which this record presents is, whether the money advanced by defendant in error was purchase money.

In the case of *Austin* v. *Underwood*, 37 Ill. 438, it was held, that when a party owning and residing upon a homestead, purchases and receives a conveyance of an adjoining tract to be used in connection with, and as a part of, the homestead, and procures the purchase money for the adjoining tract to be paid by a third person, as a loan to the purchaser, the money thus loaned will be regarded as purchase money of the land as against the claim of the homestead by the purchaser for whom it was paid. And in that case the distinction was taken between such a case and where money was loaned to pay a pre-existing debt, created for the purchase of the homestead.

The rule announced in that case must control this. Here, as there, the money was paid for the land, and was not a payment of a pre-existing debt. Had plaintiff only borrowed the money of defendant in error, and then paid his notes, the cases referred to by plaintiff in error in his brief might have

controlled. In the case at bar, the defendant in error paid the money directly to the owner of the land, to procure its conveyance. Had defendant in error paid the notes and taken an assignment, independent of any arrangement with plaintiff in error, no one would have doubted that he could have enforced the payment by subjecting the land to its payment, regardless of the homestead law, because it was a debt created for the purchase of the homestead. In such a case defendant in error would have succeeded to all the rights of Pairo, and no person would insist that the homestead exemption could have been interposed against him. And, in principle, how does the case differ when plaintiff in error agrees that defendant in error shall have the same rights if he will pay the purchase money? In equity and conscience, the claim of defendant in error can not be impaired by the solemn promise that defendant in error should have a lien on the premises to secure the money thus advanced. In this case plaintiff in error at no time had the money in his possession or control, but it was paid directly to Pairo's agent by defendant in error.

The case of *Eyster* v. *Hathaway*, 50 Ill. 521, was a simple loan of money, which, after it was obtained, was applied to pay a portion of the purchase money due on the homestead, and in that it differs from the case at bar. And an examination of the other cases referred to by plaintiff in error, will show that the same distinction exists. We are of the opinion that the debt due the defendant in error was for the purchase of the homestead, and that it is not exempt from sale for its payment.

It is insisted that a court of equity has no jurisdiction of the case, because there was a remedy at law that would afford adequate relief. In the case of *Stuart* v. *Cook*, 41 Ill. 447, it was held that the objection as to the want of jurisdiction comes too late after an answer is filed, unless it be in a class of cases where a court of equity could under no circumstances entertain jurisdiction. The rule there announced applies to, and governs, this case. The objection should have been interposed.

before the answer was filed, and comes too late on error. This bill is for the enforcement of a lien on the land, and courts of equity entertain jurisdiction for their enforcement in all cases where they can not be rendered effective in a court of law. And although the remedy may have been complete at law, the objection was not raised in apt time.

An examination of the evidence fails to satisfy us that the decree is unwarranted. It is true, it is not clear and conclusive on every point, but when fully considered we think it sustains the decree of the court below, and it must be affirmed.

*Decree affirmed.*