Lane vs. Collier.

WILLIAM M. LANE, plaintiff in error, vs. FRANCIS P. COL-
LIER, administrator, defendant in error.

If land be sold, and the purchaser indorse the note of a third person to
the vendor in payment, and transfer a mortgage to him, securing said
note, there is no such novation of the contract, no change in the re-
lations of the parties to each other as to deprive the vendor of his right
to enforce the payment of the purchase money by levy on the land,
(which has been set apart by the purchaser as a homestead) under ex-
ecution against the indorser and maker of the note. The land was
the consideration given for the indorsement of the note and mortgage.
Until they are paid the vendor's claim for the purchase money is supe-
rior to the homestead, and the land may be subjected to its payment.

Claim. Homestead. Novation. Indorsement Before
Judge ANDREWS. Oglethorpe county. At Chambers. De-
cember 27th, 1871.

Francis P. Collier, as administrator of E. V. Collier, re-
covered a judgment against John W. Stephens, as principal,
and William M. Lane, indorser, for the sum of $2,722 06, prin-
cipal, besides interest and costs. The execution based upon
this judgment was levied upon a certain tract of land in the
county of Oglethorpe, as the property of the defendant, Lane.
Lane filed a claim to such portion of the said land as had
been set apart to him as a homestead. The question as to
whether the land was subject to said execution was submitted
to the presiding Judge upon an agreed statement of facts to
be decided, upon argument, at Chambers.

The facts agreed upon are substantially as follows:

Plaintiff sold to the defendant, Lane, part of the land lev-
ied on, which was claimed as a homestead, in December, 1860.
At the time Lane received a deed to said property from plain-
tiff, he paid for the same, and also for the gin and running
gear, worth about $100, the sum of $4,500 in notes on dif-
ferent persons. He never gave his own note, or any other
obligation for said land, beyond his indorsement. One of
the notes thus indorsed and transferred was the basis of
the judgment above mentioned. A mortgage given to Lane
to secure the payment of said note was also transferred to
plaintiff.

Lane *vs.* Collier.

The Court held the land subject to said execution, and ordered the claim dismissed. To which ruling the defendant, Lane, excepted, and now assigns the same as error.

JOHN C. REED, for plaintiff in error. Effect of indorsement: 1 Smith's Lead. Cases, 452. Undertaking of Lane: Code, sec. 2738; Story's Prom. Notes, 135; Act of 1843. Obligation of surety is accessory to that of principal: Act of 1826; Code, sec. 2121; 29 Ga. R., 456.

ROBERT TOOMBS; S. H. HARDEMAN, for defendant. The debt is for the purchase money of the land: Constitution of 1868. Indorsement is a new contract: Story on Prom. Notes, 129; 2 Kent's Com., 460; 3 East. R., 482; 2 Burrows R., 674; 17 Johns. R., 511; 2 Ga. R., 161; 4 Ga. R., 4; 39 Ga. R., 531; 6 Cranch R., 224.

MONTGOMERY, Judge.

The position of counsel for plaintiff in error in this case was that the contract for the purchase of the land was one thing, the indorsement of a note of a third person in settlement, as he contended, quite another. In the first case, the purchaser was the primary debtor; in the second, his liability was subordinate to that of the maker; that his indorsement, and Collier's acceptance of it, put him in the position of a mere surety; that the indebtment for the sale of the land was extinguished, and Collier must look to the contract as contained in the note, which was not given for the purchase money of the land, and that, therefore, an execution issuing from a judgment obtained upon the note, could not be levied on the land after it had been set apart as a homestead; that there is a novation here by the introduction of a new party, and the old contract is destroyed. The argument of the learned counsel is certainly ingenious, and displays great subtleness and fertility of resource. The doctrine contended for is undoubtedly correct, under our law, that the indorser is a surety; but not only surety—and herein consists the fal-

lacy—he is still an indorser, and the common law principles applicable to that character still adhere to him. Every indorsement of a promissory note is the drawing of a bill of exchange by the indorser upon the maker. Suppose the trade had been a cash transaction, and Lane, instead of paying the actual cash, had drawn a draft upon his factor in Augusta, to whom he had sent his cotton. Would the acceptance of this draft by Collier have discharged Lane as primary debtor, and have amounted to a novation of the contract? Or suppose he had given Collier a check upon a bank for the money and the bank had failed before it could be presented, would Lane be only secondarily liable on such a paper? The facts show that Collier took the note on the faith of Lane's indorsement, and the land was the consideration of the indorsement, refine upon it as we may, and Collier had the right to look to Lane in every character in which the nature of the transaction legally placed him, whether as surety, indorser, or drawer of a bill, or even as maker of a note—for every indorsement is said to be the making of a new note. As to novation no new party is introduced into the contract between Lane and Collier—that contract is only represented by the indorsement. The maker of the note was not present and joining in that, but a contract which the maker had formerly made with Lane was by the latter transferred to Collier. Suppose it had been an open account so transferred, would the debtor on an open account have been a party to the contract?

In any view we take of it we cannot divest the case of the prominent fact that Lane indorsed the note for the land, and that a judgment against him as such indorser is a judgment for the purchase money of the land, and takes precedence of the homestead.

We, therefore, affirm the judgment, provided the plaintiff in *fi. fa.* will dismiss his levy upon all land included in the homestead of the plaintiff in error, which was not purchased from Francis P. Collier.

Judgment affirmed.