## PAULSEN B. BUSH

*v.*

## WILLIAM SCOTT *et al.*

1. HOMESTEAD—*as against purchase money.* The statute is plain that no homestead right can exist as against the claim for the purchase money of the land to which it is attached.

2. Where a party purchased several parcels of land for $1300, paying $500 down, and gave a mortgage on one of the tracts for the balance of the purchase money, and on sale under foreclosure it did not satisfy the debt, and a decree was taken for the balance under which another of the tracts was sold on execution, it was *held*, on bill in chancery by the purchaser to set aside the sheriff's sale of the last tract, on the ground that it was occupied as a homestead, that the bill was properly dismissed on demurrer, as there was no homestead right as against the purchase money due on the entire purchase.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge presiding.

In this case, the plaintiff in error purchased of Samuel Scott, in his life time, the S. W. S. W. 7, 15 N., R. 10 W., the S. E. S. W. 7, 15 N., R. 10 W., except 15 acres off the east side, and two acres for a cemetery, also S. E. S. E. 12, 15 N., 11 W., for the sum of $1300, paying down the sum of $500, and

giving notes for $800 secured by a mortgage on the last-named tract. After the death of Scott, his executors obtained a decree of foreclosure of the mortgage, under which the mortgaged tract was sold. The sale not satisfying the debt, the executors obtained judgment against the plaintiff in error for $631.52, the balance due on the notes given for the purchase money, and sold the other lands under execution issued thereon. The plaintiff in error then filed this bill to have the latter sale set aside, on the ground that the premises were his homestead. The court below sustained a demurrer to, and dismissed the bill, from which decree the complainant below prosecuted this writ of error.

Messrs. BOYLE & DYAS, for the plaintiff in error.

Messrs. BISHOP & JAQUITH, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Edgar circuit court, the scope of which was to set aside a sale made by the sheriff of that county, of certain lands therein, on the allegation that the same were the homestead of complainant.

There was a demurrer to the bill and judgment thereon for the defendants, that the bill be dismissed. The record is brought here by writ of error, and this decree is assigned as error.

The allegation on which the claim to relief is based, is founded in a misconception of the true position appellant occupies. The statute is plain to the point that no homestead right can exist as against a claim for the purchase money of the land to which it is attached. Sec. 3 of the Homestead act expressly provides that no property shall be exempt from sale for a debt or liability incurred for the purchase or improvement thereof. Rev. Stat. 1874, p 497.

The foreclosure of the mortgage was accompanied by a decree for the amount of the mortgage money, and that became

a debt due mortgagee which his executors could collect by execution. These proceedings were not in the nature of a proceeding to enforce a vendor's lien. That exists independent of any contract and can be enforced only in equity.

We are referred, by plaintiff in error, to the case of *Phelps* v. *Conover*, 25 Ill. 309, as bearing on this case. We do not perceive the resemblance. Here was no sale of the note given for the purchase money which the mortgage was executed to secure, and given up to the maker and a new note taken. This proceeding is between the original parties, and that the note and mortgage were given to secure the purchase money, is not denied. There is no foundation for the claim of a homestead right.

The decree was right, and it must be affirmed.

*Decree affirmed.*