LAWSON KIMBLE

v.

NATHAN W. ESWORTHY ET AL.

1. MORTGAGE—PURCHASE MONEY — SUBSTITUTION OF NEW NOTES.— Promissory notes with personal security were given for the deferred payments upon a purchase of real estate. Subsequently these notes were surrendered, and new notes, with a mortgage upon the premises purchased, given in their stead. *Held*, that the debt was for purchase money, and no change in the

form of the instrument by which it was evidenced or secured would change its character.

2. HOMESTEAD—NOT EXEMPT FOR PURCHASE MONEY.—The debt secured by the mortgage being for purchase money, it was not necessary that the wife of the mortgagor should join in the execution of the mortgage, to subject the homestead to its payment.

3. VENDOR'S LIEN—DIFFERS FROM MORTGAGE FOR PURCHASE MONEY.— It is not the purpose of the exception in the statute of exemptions, to preserve a vendor's lien. The latter is a mere equitable trust, cannot be assigned, and is lost or waived by taking other security, while the statute of exemptions was not intended to restrict the operation of the exception to cases only where the party had a vendor's lien.

ERROR to the Circuit Court of Edgar county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed June 29, 1880.

Mr. A. Y. TROGDEN, for plaintiff in error; that if the homestead is less in value than $1,000, the deficiency cannot be made up, cited Walters v. The People, 18 Ill. 199; Lytle v. Scott, 2 Bradwell 646.

The right of homestead must be set up in the answer, and should be clearly stated: Symonds v. Lappin, 82 Ill. 213; Gardner v. Eberhart, 82 Ill. 316; Hill v. Bacon, 43 Ill. 477.

Only the lot occupied as a homestead is exempt: Kerr v. South Park Com'rs., 11 Chicago Legal News, 18.

The Court will take judicial notice of governmental surveys upon the question of the right of homestead: Hill v. Bacon, 43 Ill. 477.

Taking a new note will not change the character of the debt: Flower v. Ellwood, 66 Ill. 438.

The debt was for purchase money, and the homestead is not exempt: Rev. Stat. 1877, 484.

Mr. HENRY S. TANNER, for defendant in error; that taking a note with personal security was a waiver of the lien, cited 80 Ill. 79; 89 Ill. 71; 85 Ill. 384.

As to the right of homestead in contiguous lots: 31 Ill. 200; 29 Ill. 532.

HIGBEE J. This was a bill by plaintiff in error, to foreclose a mortgage executed to him by defendant in error, Esworthy.

The defense made by Esworthy and his wife and sustained by

the decree of the court below us, was, that the premises were exempt from forced sale for the payment of the mortgage debt under the homestead laws of this State.

Esworthy being the head of a family and residing with the same, on the 22d day of March, 1875, purchased the premises in controversy of one William Johnson, received a deed therefor, took possession, and has occupied the same as a residence ever since.

At the time of the purchase he paid a part of the purchase money, and executed to Johnson his two notes for the balance, payable in one and two years, with interest, and both signed by William Starr, as security. These notes Johnson endorsed to plaintiff in error before their maturity, for a valuable consideration. And on the 21st day of December, 1875, Esworthy, by an arrangement then made with Kimball, took up these notes and gave him in lieu of them two others, for the amount of principal and interest then due, payable one year from that date.

To secure these notes, Esworthy executed to Kimball the mortgage now sought to be foreclosed upon the same premises conveyed to him by Johnson, but his wife did not join with him in its execution. These notes were given for purchase-money; no change in the form of the instrument by which the debt is evidenced or secured will avail to change the character of the debt. When purchase-money is the consideration of any one instrument, it will so continue in any other. Smyth on Homestead Exemptions, 221; Austin v. Underwood, 37 Ill. 438; Magee v. Magee, 51 Ill. 500; Lawson v. Vance, 8 Cal. 271.

The debt secured by the mortgage being purchase money, it was not necessary that Esworthy's wife should join with him in the execution of the mortgage, to subject the homestead to its payment.

It is insisted by defendants in error, that as plaintiff in error is not entitled to a vendor's lien, he cannot enforce the payment of the debt as purchase-money.

The statute exempting the homestead from forced sale for the payment of debts, contains this exception: "No property shall by virtue of this act be exempt from sale for non-pay-

ment of taxes or assessments, or for a debt or liability incurred for the purchase or improvement thereof."

The exemption and exception from its operation are parts of the same statute, and must be read together as one act; and as to the excepted cases, it is as if there were no exemption. Smyth on Homestead Exemptions, 65.

If the only purpose of this exception to the statute was to preserve the vendor's lien, it is difficult to see why it should have been inserted, as it would give to the vendor no additional security, and would add nothing to his rights.

A vendor's lien is a mere creature of the courts of equity, and not cognizable in courts of law.

It is in the nature of a trust equity, regarding the purchaser as holding the estate for the payment of the purchase-money upon the principle that one who has gotten the estate of another ought not, in conscience, to be allowed to retain it and not pay the consideration money.

This lien of the vendor is lost or waived by taking independent security, although it may turn out that the security is wholly insolvent, and in this State it cannot be transferred by assignment to the assignee of the note given for the purchase-money.

But for the statute creating the exemption in favor of the debtor, all his property, including his homestead, would be subject to sale for the payment of his debts, and when he claims its benefit, he must take it subject to its exceptions, which were necessary to prevent fraud.

That the demand here sought to be enforced, was a liability incurred for the purchase of the premises, can not be questioned. It is the common understanding of the term purchase-money, that it means money paid for the land, or the debts created by the purchase. Austin v. Underwood, 37 Ill. 438.

In using the language "debt or liability incurred in the purchase," it was not intended to restrict the operation of the exception to cases only where the party held a vendor's lien.

It is true, that authorities may be found to sustain the position of defendants in error in some of the states, but they are based upon constitutional or statutory provisions widely differ-

ent from our own.   In some there are no exceptions to the exemption, and in others, the vendor's lien is excepted in express terms.

We do not regard the case of Phelps v. Conover, 25 Ill. 309, as decisive of this question.

What is there said is without discussion, and is unnecessary to the decision of the case, and is not in harmony with the cases of Austin v. Underwood, *supra*; Magee v.Magee, 51 Ill. 500; and Bush v. Scott, 76 Ill. 524.

For these reasons, the decree in this cause is reversed, and the cause remanded.

