### ELI P. WILLIAMS

#### *v.*

### ISAAC M. JONES *et ux.*

*Filed at Springfield September 30, 1881.*

1. HOMESTEAD—*when debt is for purchase money.* Where the assignee of notes given for a part of the purchase price of land, by an arrangement with the principal maker, who was the purchaser of the land, surrenders the notes and takes from him in lieu thereof the note of the purchaser alone,

with a trust deed on the land to secure the note, the debt will be unchanged, and will remain a debt incurred for the purchase money.

2. SAME—*exception in statute is not confined to vendor's lien.* The object of the limitation of the homestead exemption to debts not incurred for the purchase money is not merely to protect the vendor's lien,—so although there be a waiver of the lien by taking other security for the purchase money, the holder of the indebtedness will not thereby lose the protection of the statute.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

This was a bill in chancery, filed by Eli P. Williams, against Isaac M. Jones and wife, to foreclose a deed of trust. The bill alleged, among other things, that the debt was for purchase money, which was. denied by the answer, and a homestead set up in defence, it not having been properly released in the trust deed. On the hearing the circuit court dismissed the bill at the costs of the complainant.

The following is the agreed statement of the facts: "About five years ago, (1875), William O. Gray, Samuel Steele and W. H. Cottingham owned the property in controversy, and sold the same to defendant Isaac M. Jones, taking his notes for part of the purchase money, with Wm. C. Beale as personal security. Before these notes matured, Gray and others sold and assigned them to complainant, Williams, who surrendered the notes to Jones, upon his giving the note and trust deed in controversy upon the same land for the same debt." Then follows a copy of the note and trust deed, usual form. The certificate of acknowledgment to the trust deed does not state that the parties released the right of homestead.

It was further agreed that unless the debt is for purchase money, the defendants are entitled to and have an estate of homestead in the premises, and that the land is not worth over $1000.

Mr. M. DONAHUE, and Mr. R. A. LEMON, for the plaintiff in error:

A homestead is not exempt from sale for a debt or liability incurred for the purchase or improvement thereof.    Rev. Stat. 1874, p. 497, sec. 4.

The debt in this case was for purchase money, which has never been paid.    The renewal of the note,—the evidence of the debt to the assignee,—does not change the character of the debt.    *Fowler* v. *Ellwood*, 66 Ill. 438; Smyth on Homestead Exemptions, 221.

This court has often decided that where a person loans money to another to enable the latter to purchase a homestead, the money so loaned is purchase money.    *Austin* v. *Underwood*, 37 Ill. 438; *Magee* v. *Magee*, 51 id. 500.

Now, if the only object of the exception in the statute was to protect the vendor in his lien, we fail to understand the principle upon which the above cases were decided. If, however, the intention of the statute was to protect and secure the debt regardless of the capacity (whether as vendor or otherwise) in which the creditor held the evidence of the debt, we can then readily see the reason and force of such an interpretation.

If a court of equity will look at the substance of this transaction, we think there is no room to doubt that this is purchase money.    See *Kimble* v. *Esworthy et al.* 6 Bradw. 517.

Messrs. BOOTH & VAN METER, for the defendants in error:

The object of the third section of the Homestead Exemption act of 1874 is to protect the vendor's lien.    Rev. Stat. 1874, p. 497; *Phelps* v. *Conover*, 25 Ill. 309; *Eyster* v. *Hatheway*, 50 id. 522.

Taking personal security on the note given for purchase money waives vendor's lien.    *Moshier* v. *Meek*, 80 Ill. 79.

The person to whom a note given for purchase money is assigned can not enforce the vendor's lien.    *Moshier* v. *Meek*, 80 Ill. 79.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The sole question presented in this case is, whether *the debt* in question is a debt "incurred for the purchase" of the premises in which defendants in error claim an estate of homestead. We can not doubt that it is. The land was sold by Gray, Steele and Cottingham to Jones. For a part of the purchase price Jones gave his notes, payable to the vendors, with Beale as security. These notes were sold and assigned by the payees to Williams. Williams afterwards, by an arrangement with Jones, (the principal in the notes, and the purchaser of the property for which the notes were given,) surrendered these notes to Jones, and took from him in lieu thereof, and as security for the same debt, the note of Jones alone, and a trust deed upon the land so bought, to secure the payment thereof.

The statute as to homestead exemption provides, that "no property shall, by virtue of this act, be exempt from sale * * for a debt or liability incurred for the purchase or improvement thereof." This debt is admitted to be the same debt as that for which the original notes were given, and it is agreed that the first notes were given for purchase money. It falls clearly within the express words of the statute.

Counsel for Jones contend that the object of this limitation of the homestead exemption was *merely* "to protect the vendor's lien," and hence insist that the vendor's lien being waived by taking personal security on the original notes, the protection of the statute is lost. There is no ground for saying the limitation in the statute was intended *merely* to protect the vendor's lien. It is not so limited by its words. Counsel refer to *Eyster* v. *Hatheway*, 50 Ill. 522, where this court said of this provision, that it "applies only to vendors and vendees, or those representing them." In this case the plaintiff in error represents or stands in the place of the vendor, as the owner of the debt for the purchase of the property. Without reviewing in detail the cases referred to by

counsel, we merely say we find nothing in former decisions of this court at all incompatible with the views herein expressed.

The decree will be reversed and the cause remanded.

*Decree reversed.*