## Nicholas Martin, Impleaded, etc., v. Margaret C. Martin.

1. CLOUDS UPON TITLE—*Imposing Conditions on Setting Aside.*—In setting aside a trust deed upon premises, as a cloud upon the title, the court may impose conditions, upon the maxim that he who asks equity must do equity.

**Bill to Remove Cloud from Title.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed February 11, 1896.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant, contended that where a husband, being indebted at the time, pays the consideration, or a portion of it, for a conveyance of land to his wife, it will be a fraudulent perversion of his means that the law will presume was done to hinder and delay his creditors, and his interest will be subjected to the payment of his debts. See also, Mitchell v. Byrne, 67 Ill. 522; Hackett v. Bailey, 86 Ill. 74; Patterson v. McKinney, 97 Ill. 41; Nea v. Oldfield, 110 Ill. 138; Marmion v. Harwood, 124 Ill. 104.

The maxim that he who seeks equity must do equity states a principle of the most extensive application, and is applied to every kind of litigation and every species of remedy. It is a universal rule governing courts of equity in administering all kinds of equitable relief. 1 Pom. Eq. Jur., Sec. 385.

The principle has been applied in a multitude of cases. Counsel cite a number more particularly in point here: Reed v. Tyler, 56 Ill. 288; Phelps v. Harding, 87 Ill. 443, 445; Alexander v. Merrick, 151 Ill. 606; Bennett v. Star Mining Co., 119 Ill. 9; Tuthill v. Morris, 81 N. Y. 94.

RUDOLPH D. HUSZAGH, attorney for appellee, contended that no matter how strong the equities might be as against Thomas J. Martin, were he the complainant, still they should not be brought into play as against his wife.

She was not a party to the giving of the trust deed in question constituting the cloud. Was never informed that security would be required as a condition of the loans made to her husband. Did not even know that money was loaned her husband to purchase the house with; and on the contrary, that fact was studiously concealed from her by Nicholas until nearly eight years after she had acquired her title.

The deed to appellee was recorded on August 21, 1885, in the recorder's office of Cook county, and her title thereafter operated to give constructive notice of her rights to Nicholas Martin, the real defendant in the case below. Simmons v. Stum, 101 Ill. 454; Delano v. Bennett, 90 Ill. 533; Polk v. Cosgrove, 4 Biss. 437; Snapp et al. v. Pierce et al., 24 Ill. 157.

Her possession, well known to appellant, also operated as notice to him of all her rights in the premises. McConnel v. Reed, 4 Scam. 117; Cabeen v. Breckenridge, 48 Ill. 91; Doolittle v. Cook, 75 Ill. 354; Small v. Stagg, 95 Ill. 39; Jefferson v. Jefferson, 96 Ill. 551; Maghee v. Robinson, 98 Ill. 458; Webber v. Curtis, 104 Ill. 309; Conner v. Goodman, 104 Ill. 365; White v. White, 105 Ill. 313.

Our courts have repeatedly sustained voluntary conveyances from a husband to a wife, and have held them not fraudulent as to prior or subsequent creditors, if made at a time when the husband was solvent. Pratt et al. v. Myers et al., 56 Ill. 23; Yazel v. Palmer, 81 Ill. 82; Faloon v. McIntyre, 118 Ill. 292; Eames v. Corsett, 147 Ill. 540; Bridgeford v. Riddell, 55 Ill. 261.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellant was and is a merchant, and his brother, Thomas Martin, husband of appellee, worked for him upon a salary which in 1885, and always thereafter, he overdrew, if the matters here in controversy are taken into account.

By deed dated April 6, 1885, the premises here in controversy were conveyed to Thomas Martin in consideration of $4,150, of which $1,000 was paid, and the residue payable in

three installments of $1,050 each in one, two and three years after that date, with six per cent interest, payable half yearly, for which notes were given by Thomas Martin, secured by trust deed upon the premises.

All of these notes as they became due were paid by the appellant, and on payment of the last, he received a release of the trust deed, which, with the notes, he has retained in his possession.

August 21, 1885, Thomas Martin, without consideration, conveyed the premises to one Mahon, who on the same day conveyed them without consideration to the appellee, and though these deeds were at once recorded, the appellant in fact knew nothing of them until December, 1893. April 18, 1892, Thomas Martin gave to the appellant notes in the aggregate amounting to $5,759.28, purporting to be secured by his trust deed upon the premises, in which the appellee did not join, and of which she had no knowledge until October, 1893.

She filed this bill to set aside that deed as a cloud upon her title, and has obtained a decree that such relief be granted unconditionally.

Although there is some evidence that the appellant advanced the first $1,000 that was paid by Thomas Martin on the purchase of the premises, the circumstances are not sufficient to make that sum a charge upon the premises in favor of the appellant; but the sums he paid for the three notes as they became due, which notes, and the final release he retained, should be charged as a condition to granting relief to the appellee, upon the principle that he who seeks equity must do equity. In Austin v. Underwood, 37 Ill. 438, a trust deed by which the homestead was not released, was held valid against the homestead claim to the amount included in it, which the creditor had paid to the vendor of the debtor upon the purchase by the debtor of the premises, upon the ground that to that extent the debt secured was purchase money.

Similar considerations governed in Magee v. Magee, 51 Ill. 500.

It is true that in these cases the title was not, as here, in another claiming in fee, but in Bennett v. Star Mining Co., 119 Ill. 9, the maxim referred to was held applicable where, by a void redemption, with no relations between the parties, the defendant having freed the premises from a binding and subsisting lien, was therefore entitled to reimbursement as a condition of the removal of his apparent title, as a cloud upon the title of the complainants. Such a condition is in consonance with natural justice, and the cases cited, as well as many in which payment of such taxes as were properly chargeable have been made the condition of setting aside tax sales, are authority for imposing the condition here.

Following the case last cited, the decree of the Circuit Court is reversed and the cause remanded, with these directions:   That if the appellee shall be so advised, she have leave to amend her bill by tendering to appellant the sums of money paid by him for the three notes made by Thomas Martin, with five per cent interest thereon from the times that the appellant paid them, and that she be required to pay the same into court, and that upon her so doing, a final decree be entered herein setting aside and declaring void, as against her, the trust deed of Thomas Martin to the appellant of April 18, 1892, as a cloud upon her title, in accordance with the prayer of her bill, without cost to either party; but that in the event she should decline and refuse so to do, then her bill shall be dismissed at her cost.   The appellant will recover his costs in this court.

Reversed and remanded with directions.