BOONE COUNTY BANK *v.* HENSLEY.

Opinion delivered May 16, 1896.

HOMESTEAD—LIABILITY FOR PURCHASE MONEY.—Under Const. 1874, art. 9, sec. 3, providing that a homestead shall not be subject to the lien of any judgment, "except such as may be rendered for the purchase money," a purchaser of land cannot claim a homestead therein as against a judgment recovered on the purchase money note by an assignee thereof, upon the ground that the vendor waived his lien thereon by taking personal security in lieu thereof.

Appeal from Boone Circuit Court.

BRICE B. HUDGINS, Judge.

*W. F. Pace*, for appellant.

The land is subject to execution. A debtor cannot schedule his homestead against a judgment on a note for the purchase money thereof, although the purchase money note has been transferred to the hands of a third party before suit. Const. Ark. art. 9, sec. 3; 36 Ark. 92; 48 *id*. 214; 54 Ga. 355.

BATTLE, J. On the 2d day of December, 1890, J. A. Melton sold to N. M. Hensley a tract of land containing thirteen acres, and Hensley, A. L. Bromly, and J. N. Bromly executed to him their promissory note for the purchase money. The Boone County Bank afterwards purchased the note, and, in an action upon it, recovered judgment against Hensley, and caused an execution issued thereon to be levied on the land purchased from Melton. Hensley thereupon filed his schedule with the clerk, and claimed the land as his homestead, and that it was exempt from execution. The clerk sustained his claim, and issued a supersedeas. The plaintiff appealed to the circuit court, and there the appeal was treated by both parties and the court as a motion to quash the supersedeas, and the action of the clerk was sustained, and the plaintiff appealed.

On the hearing of the motion by the circuit court, it was admitted that the judgment was for the purchase money which Hensley agreed to pay for the land; that he was a married man, and a resident of the state; and that the land was his homestead. Evidence was adduced tending to prove that, in selling the land, Melton waived a lien, and accepted personal security in lieu thereof. The question is, was the land subject to the execution?

The constitution of this state ordains: "The homestead of any resident of this state, who is married

or the head of a family, shall not be subject to the lien of any judgment or decree of any court, or to sale under execution, or other process thereon, *except such as may be rendered for the purchase money*, or for specific liens," etc. (Constitution, art. 9, sec. 3.) The statutes do not enlarge or change the exemptions allowed by the constitution, but provide how they may be claimed. The constitution determines what the exemptions of a debtor, including the homestead, shall be. When he claims its benefits, he must take them subject to its exceptions. In the exceptions there are no exemptions.

The constitution, in providing that homesteads shall not be exempt from sales for the purchase money, does not undertake to create liens, but to deny to the debtor the right to hold his homestead exempt from sales under executions issued on judgments for the purchase money which he owes for the same, and to subject it to sale in such cases. No man has a right to hold property for which he is owing his creditor in any such manner. No such dishonesty is tolerated by the constitution. *Kimble* v. *Esworthy*, 6 Ill. App. 517; *Williams* v. *Jones*, 100 Ill. 362; *Bush* v. *Scott*, 76 Ill. 524; *Smith* v. *High*, 85 N. C. 93; *Fox* v. *Brooks*, 88 N. C. 234; *Hoskins* v. *Wall*, 77 N. C. 249; *Whitaker* v. *Elliott*, 73 N. C. 186.

In this case the appellant was not seeking to enforce a lien, but to subject land to sale under an execution from which it was not exempt. The judgment of the circuit court is therefore erroneous, and is reversed, and the cause is remanded, with directions to quash the supersedeas.