## Patrick Donovan, Appellant, v. Lily Donovan et al., Appellees.

1. TRUSTS—*resulting.* Where a person furnishes the consideration for the purchase of property, the title to which is taken in the name of another person, the beneficial estate attaches to the party furnishing the consideration.

2. TRUSTS—*lender of purchase price.* Where a person lends money to another to be used in the purchase of property, the title to which is taken in the name of the borrower, no resulting trust arises in favor of the lender.

3. TRUSTS—*resulting.* Where a person requests another to furnish a certain sum of money to enable him to purchase certain property, promising to repay the same within a reasonable time, no resulting trust arises in favor of the latter on furnishing such sum of money.

Appeal from the Circuit Court of Effingham county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed October 7, 1912.

S. F. GILMORE, for appellant; R. C. HARRAH, of counsel.

WRIGHT BROS. & DENTON, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellant filed his bill in equity against appellee, charging that one Michael Donovan, his brother, being about to purchase a certain lot in the city of Effingham (describing it) at the price of $1,750, represented to appellant that he had of his own means to put into the purchase price of the property the sum of $1,110, and requested appellant to furnish him $640, the balance of the amount necessary to enable him to purchase the property, promising to repay the same within a reasonable time thereafter; that appellant, at the request of Michael, deposited said sum of $640 with the latter's wife, Lily Donovan, for the express

purpose and with the direction of putting said sum with the amount Michael had to raise, being the sum of $1,750, to pay for said property and enable Michael to acquire the title to said premises; that in pursuance of said request of Michael and in compliance therewith and his promise to appellant to so apply the $640 to the purchase price of the premises, the said Lily paid said sum. together with said sum of $1,110 for said premises to which Michael received a deed of conveyance; that Michael, with his family, moved into the premises and with his family occupied them as a residence until his death, and that his wife and children surviving him continue to so occupy them; that said premises have greatly increased in value; that Michael repaid to appellant $30 leaving $610 with the accrued interest still due; that Michael died intestate and left his estate insolvent.

The prayer of the bill is that appellant have a lien declared against the premises for said sum of $610 and interest, and that in default of payment, the premises be sold to satisfy the lien.

A demurrer was interposed to the bill and sustained. Appellant elected to stand by the bill, whereupon it was dismissed and a judgment for costs rendered against appellant.

The position of appellant is that under the facts alleged in the bill he is entitled to have a lien declared against the premises for the money furnished by him, on the ground that it was part of the money paid as the purchase price of the premises.

The law which exempts a homestead of the value of $1,000 to every householder having a family, and continues it for the benefit of the husband or wife surviving, and to the children until the youngest attains the age of twenty-one years, except for taxes and assessments, and for a debt or liability incurred for the purchase or improvement thereof, is not material here, for the reason that it appears from the averments in the bill that the porperty is of sufficient value to sat-

isfy the exemption and also to pay appellant's claim. The only question therefore is whether the bill avers a state of facts which gives appellant the right to a lien upon the premises to satisfy his claim.

It is an equitable principle that the beneficial estate follows the consideration, and attaches to the party from whom the consideration comes; that where the conveyance of the legal title is taken in the name of one and the purchase price is paid by another, a trust at once results in favor of the party who pays the price, and the holder of the legal title becomes a trustee for him. In order that this effect may be produced, however, it is absolutely indispensable that the payment should be actually made by the beneficiary.

Austin v. Underwood, 37 Ill. 438, cited by appellant, was a case where the party claiming an equity had paid the entire consideration for the land direct to the grantor who executed a deed to the grantee, the latter executing a mortgage to the party who paid the money pursuant to an understanding when the money was paid; subsequently the mortgage was released and a trust deed executed in its place. It was held by the court that the consideration of the mortgage was purchase money as against the homestead and that it so continued under the trust deed. Magee v. Magee, 51 Ill. 500, also cited, was a case where the party claiming the equity paid the notes which the purchaser had given in payment for the land for which he had received a bond for deed at the purchaser's request. The purchaser at no time had the money in his possession or control but it was paid directly to the grantor who then executed a deed to the purchaser. It was held there in favor of the party paying the money direct to the owner to procure a conveyance of the land, that the payment was purchase money against which the homestead was not exempt.

In commenting on these cases in Steger v. Travelingmen's Bldg. Assn., 208 Ill. 246, it is said they were cases where the money was paid as purchase money

directly to the vendor for the purpose of having land conveyed and was not borrowed to pay for the land.

The facts in the cases cited by counsel for appellant show no loan of money, and are wholly dissimilar to the facts presented in the bill before us.

The bill avers that Michael Donovan, to whom the conveyance was made, requested appellant to furnish him $640, the amount necessary to enable him to purchase the property, promising to repay the same within a reasonable time thereafter and that Michael repaid thirty dollars of it. There is not only no averment that it was the intention of the parties that appellant was to have a lien for the money advanced by him to Michael but the averments of the bill expressly negative such intention and show there was a promise to repay the money and a portion of it repaid. The averments that appellant at the request of Michael deposited the money with the latter's wife does not change the character of the transaction which appears from the bill to have been a loan of money, and from which no lien arose in equity in appellant's favor.

"The rule is well settled that where one person lends money to another to be used by the borrower in the purchase of land no resulting trust arises in favor of the lender in the land purchased by the borrower, title to which is taken in the latter's name." (15 Am. & Eng. Ency., Ed., p. 1149 and cases cited.)

The allegations in appellant's bill did not in our opinion entitle him to a lien and the demurrer was properly sustained. The decree dismissing the bill is affirmed.

*Affirmed.*