## HAMRA *et al.* v. FITZPATRICK *et al.*

No. 5859. Opinion Filed January 18, 1916.

Rehearing Denied February 29, 1916.

(154 Pac. 665.)

1.   APPEARANCE—General Appearance—Overruling of Special Appearance—Waiver of Error.   After a special appearance, objecting to the jurisdiction of the court over the persons of defendants, has been overruled, defendants, by filing an answer alleging that they have been damaged by the granting of a temporary injunction, and praying judgment against plaintiffs for the amount of such damages, enter a general appearance and waive any error in overruling such special appearance.

2.   NEW TRIAL—Power to Grant—Motion.   It does not constitute error for a trial court at the same term at which judgment is entered to grant a new trial on its own motion.

3.   HOMESTEAD—Exemption—Purchase Money.   Under the provisions of sections 2 and 3, art. 12, Constitution, and section 3346, Rev. Laws 1910, the purchasers have no homestead exemption against levy and sale under execution to satisfy a judgment for a part of the purchase price of the tract of land in which the exemption is claimed, even though the vendor may have lost or waived his vendor's lien upon such land.

4.   **HUSBAND AND WIFE—Conveyance to Husband and Wife.**
Where a tract of land has been conveyed in fee to husband and
wife, the conveyance indicating no intent to create an estate in
joint tenancy, they hold as tenants in common.

5.   **HOMESTEAD—Exemption—Purchase Money — Husband and
Wife—Tenants in Common.** Where the vendor of a tract of land
conveyed by him to husband and wife as tenants in common has
judgment for the balance unpaid of the purchase price against
the husband alone, neither the husband nor the wife can claim a
homestead exemption in such land to prevent the levying upon
and sale under execution of the interest of the husband in said
land to satisfy such judgment.

(Syllabus by Rummons, C.)

*Error from District Court, Pottawatomie County;
Chas. B. Wilson, Jr., Judge.*

Action by Joseph E. Fitzpatrick and others against
H. J. Hamra and others. Judgment for plaintiffs, and de-
fendants bring error. Reversed, with directions.

*McDougal, Lytle & Allen (Robert Wheeler,* of coun-
sel), for plaintiffs in error.

*P. O. Cassidy* and *E. D. Reasor,* for defendants in
error.

Opinion by RUMMONS, C.   This action was com-
menced in the district court of Pottawatomie county by
the defendants in error, hereinafter styled the plaintiffs,
to restrain the plaintiffs in error, hereinafter styled the
defendants, from selling certain real estate in Oklahoma
county under an execution issued out of the district court
of Pottawatomie county upon a judgment in favor of the
defendant Hamra and against the plaintiff Joseph E. Fitz-
patrick. The defendants filed a special appearance, ob-
jecting to the jurisdiction of the district court of Potta-
watomie county over their persons, and over the subject-
matter of the action, which being overruled, they ex-
cepted, and answered the petition of the plaintiffs setting

up facts to defeat plaintiffs' recovery and also setting up a claim for damages against the plaintiffs in the sum of $402.50 because of the wrongful issuing of a temporary injunction in the case, and praying judgment against the plaintiffs for that sum. The plaintiffs replied to this answer. The cause was tried to the court, resulting in a judgment finding that the judgment the execution of which was sought to be restrained was for a part of the purchase price of the tract of land in Oklahoma county, that said tract of land was the homestead of plaintiffs, and exempt from levy and sale under the judgment recovered by the defendant Hamra, and granting plaintiffs a perpetual injunction against the defendants restraining them from levying upon or selling the said tract of land to satisfy the judgment of defendant Hamra. The defendants in due time filed their motion for new trial, to the overruling of which they excepted, and appeal to this court.

The first assignment of error urged by defendants complains of the overruling of their special appearance. Whatever error there may have been in the overruling of their special appearance has been waived by the defendants. The action of injunction being a transitory action, defendants could not object to the court's jurisdiction of the subject-matter of the action, and their special appearance could only go to the jurisdiction of the trial court over their persons. When the defendants sought to counterclaim against the plaintiffs for damages because of the issuing of a temporary injunction, as they did in their answer, they submitted themselves to the jurisdiction of the court, and waived any error the court may have committed in overruling their special appearance. *Austin Manufacturing Co. v. Hunter*, 16 Okla. 86, 86 Pac. 293; *Wm. Cameron & Co. v. Consolidated School District*, 44

Okla. 67, 143 Pac. 182; *Commonwealth Cotton Oil Co. v. Hudson* (not yet officially reported) 161 Pac. 535.

It seems that there had been a former judgment in this cause rendered, and that the trial court on its own motion granted plaintiffs a new trial at the same term of court at which such judgment was rendered. The defend-. ants assign this ruling of the court as error upon the authority of *Long v. Board of County Commissioners,* 5 Okla. 128, 47 Pac. 1063. The holding of the territorial Supreme Court in that case as to the granting of a new trial by the court upon its own motion during the term has been expressly overruled by this court in the case of *Todd v. Orr,* 44 Okla. 459, 145 Pac. 393. So the trial court committed no reversible error in granting the new trial of which defendants complain.

The only remaining assignment of error presents the most serious question in this case, which is whether the tract of land in Oklahoma county, being occupied by plaintiffs as their homestead, was exempt from levy and sale under execution upon the judgment of defendant Hamra against the plaintiff Joseph E. Fitzpatrick; it being admitted that such judgment was for a part of the purchase price of said tract of land. Section 2, art. 12, of our Constitution provides:

"The homestead of a family shall be and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money."

Section 3, art. 12, of the Constitution says:

"Provided, that no property shall be exempt for any part of the purchase price while the same or any part thereof, remains in the possession of the original vendee,

or in possession of any purchaser from such vendee, with notice."

Section 3346, Rev. Laws 1910, provides:

"The exemption of the homestead provided for in this chapter shall not apply where the debt is due: First, for the purchase money of such homestead or a part of such purchase money."

It is contended by the defendants that under the constitutional and statutory provisions above quoted the plaintiffs had no homestead exemption in the tract of land against the judgment of the defendant Hamra. On the other hand, the plaintiffs contend that the homestead is exempt as to the judgment for the reason that at the time the defendant Hamra conveyed the tract of land to plaintiffs he waived his. vendor's lien for the unpaid purchase money by taking other security therefor, and for the further reason that the title to the tract of land was conveyed to plaintiffs, who are husband and wife, and stands in the names of both of them, and that therefore it cannot be sold while occupied by them as a homestead to satisfy the judgment against the plaintiff Joseph E. Fitzpatrick.

We have examined the authorities cited in the briefs of counsel for both plaintiffs and defendants, and have made some investigation into other authorities, and from the view we take of the case it is unnecessary to determine whether or not the defendant Hamra had waived his vendor's lien upon the tract of land sought to be sold by him upon execution. The homestead exemption provisions of most of the states contain the same exception as to the purchase price, or any part thereof, of the homestead; and it seems that the overwhelming weight of authority is to the effect that the homestead exemption does not apply as to a judgment for the purchase price thereof, or any part

thereof, independently of any question as to the right of
the holder of the judgment to a vendor's lien upon the
land. In the case of *Greer v. Oldham,* 10 Ky. Law Rep.
889, 11 S. W. 73, the Court of Appeals of Kentucky says:

"A vendee, in part payment of the purchase money,
executed his note to a creditor of the vendor. *Held* that,
while the holder of that note is not entitled to a lien, yet as
it was executed for a part of the purchase money, the
vendee cannot claim a homestead as against it."

In *Boone County Bank v. Hensley,* 62 Ark. 398, 35
S. W. 1104, the Supreme Court of Arkansas says:

"The Constitution of this state ordains: 'The home-
stead of any resident of this state, who is married or the
head of a family, shall not be subject to the lien of any
judgment or decree of any court, or to sale under execu-
tion, or other process thereon, except such as may be ren-
dered for the purchase money, or for specific liens,' etc.
Const. art. 9, sec. 3. The statutes do not enlarge or change
the exemptions allowed by the Constitution, but provide
how they may be claimed. The Constitution determines
what the exemptions of a debtor, including the homestead,
shall be. When he claims his benefits, he must take them
subject to its exceptions. In the exceptions there are no
exemptions.

"The Constitution, in providing that homesteads shall
not be exempt from sales for the purchase money, does not
undertake to create liens, but to deny to the debtor the
right to hold his homestead exempt from sale under execu-
tions issued on judgments for the purchase money which
he owes for the same, and to subject it to sale in such
cases. No man has a right to hold property for which he
is owing his creditor in any such manner. No such dis-
honesty is tolerated by the Constitution. *Kimble v. Es-
worthy,* 6 Ill. App. 517; *Williams v. Jones,* 100 Ill. 362;
*Bush v. Scott,* 76 Ill. 524; *Smith v. High,* 85 N. C. 93;

*Fox v. Brooks,* 88 N. C. 234; *Hoskins v. Wall,* 77 N. C. 249; *Whittaker v. Elliott,* 73 N. C. 186."

In the case of *Bentley v. Jordan,* 71 Tenn. (3 Lea) 353, the Supreme Court of Tennessee says:

"The Constitution of 1870 provides as follows: 'A homestead in possession of each head of a family, and the improvements thereon, to the value in all of $1,000.00, shall be exempt from sale under legal process during the life of such head of a family, to inure to the benefit of the widow, and shall be exempt during the minority of their children occupying the same. This exemption shall not operate against public taxes, nor debts contracted for the purchase money of such homesteads, or improvements thereon.' * * * Article 11, sec. 11.

"Under these provisions it is obvious that the homestead is not exempt from sale 'for the satisfaction of any debt or liability contracted for its purchase.' It may be sold by execution issued on a judgment recovered on such a debt, or otherwise subjected by legal process. * * * The creditor proceeds, not by virtue of the vendor's lien, which is only enforceable in equity, and may be lost by waiver, but by virtue of the general right of a creditor to subject his debtor's property by 'legal process'; the homestead exemption not applying to such a debt."

In *Williams v. Jones,* 100 Ill. 362, the Supreme Court of Illinois says:

"Counsel for Jones contend that the object of this limitation of the homestead exemption was merely 'to protect the vendor's lien,' and hence insist that, the vendor's lien being waived by taking personal security on the original notes, the protection of the statute is lost. There is no ground for saying the limitation in the statute was intended merely to protect the vendor's lien. It is not so limited by its words."

In *Reynolds v. Williams* (Ky.) 4 S. W. 178, it is held by the Court of Appeals of Kentucky that:

"Under Gen. St. Ky. c. 38, art. 13, sec. 9, the debtor has no right of homestead in land as against the vendor's claim for the purchase money; and, although the vendor upon the sale of the land waives his lien for the purchase money, he can, in a suit on the purchase-money note, levy his execution on the land." *Lane v. Collier*, 46 Ga. 580; *McElmurray v. Blue & Stewart*, 91 Ga. 509, 18 S. E. 313; *Carpenter's Executor v. Kearns*, 4 Ky. Law Rep. 825; *Brown v. Ennis*, 69 Ark. 123, 61 S. W. 379, 86 Am. St. Rep. 171, at page 175; *Greeno v. Barnard*, 18 Kan. 521; Waples on Homestead and Exemptions, pp. 333 to 337.

In fact, we have been able to find no case holding that the exception to the homestead exemption, making it inapplicable to judgments for the purchase price, or a part thereof, is dependent upon the question of whether or not the vendor has a lien for such purchase price, except the opinions of the Supreme Court of California construing the homestead law of California, which makes the exceptions applicable to vendor's liens alone. We therefore conclude that the homestead exemption does not exist as against a judgment for purchase money of the homestead claimed.

We then come to the consideration of the effect of the title to this tract of land being vested in the husband and the wife. In the case of *Gooch v. Gooch*, 38 Okla. 300, 133 Pac. 242, 47 L. R. A. (N. S.) 480, this court holds that the homestead may consist of more than one tract of land, and may be owned by either the husband or the wife, or by both jointly; so that the plaintiffs were entitled to hold the tract of land held by them as tenants in common as their homestead. It has been held in this jurisdiction that the common-law estate of tenancy by the entirety is not applicable to the conditions in Oklahoma, and does not obtain here, and that a conveyance to husband and wife

which indicates no intent to grant an estate in joint tenancy conveyed to each an undivided one-half interest in the land conveyed as tenants in common. *Helvie v. Hoover*, 11 Okla. 687, 69 Pac. 958.

Does the fact that the defendant Hamra conveyed this tract of land to the plaintiffs as tenants in common, taking only the obligation of the husband for the purchase price, preclude him from levying upon the land and selling the same under execution to satisfy a judgment recovered against the husband upon the obligation for such purchase price? The provisions of our Constitution being identical, in substance, with the constitutional provisions of the states the opinions of whose courts of last resort we have above quoted as to homestead exemptions and the exceptions thereto, we have reached the conclusion, following the reasoning given by the courts in those opinions, that as to a purchase money judgment the homestead exemption is inoperative. In other words, as to such a judgment there is no homestead exemption, and the homestead character is not impressed on the land. That being true, neither of the plaintiffs in this case, it being conceded that the judgment sought to be enforced is for the purchase money of the land sought to be claimed as exempt, can set up a homestead exemption as against it. It therefore follows that the judgment creditor in this case had a right to levy upon and sell under execution the interest of the judgment debtor in the land sought to be levied upon and sold, free from any claim of homestead exemption. To hold that, because the vendor had conveyed the land to the husband and wife, taking only the obligation of the husband for the purchase money, either the husband or wife, or both, could claim the land purchased as a homestead, would be to defeat the constitutional exception as

well as the plain provision of the statutes that the exemption of the homestead shall not apply where the debt is due for the purchase money or a part thereof.

We therefore conclude that the trial court erred in granting the perpetual injunction restraining defendants from levying upon and selling under execution the interest of the plaintiff Joseph E. Fitzpatrick in the lands claimed as a homestead.

The judgment of the trial court should therefore be reversed and the cause remanded, with directions to dissolve the injunction so far as the same restrains defendants from levying upon and selling the undivided one-half interest of plaintiff Joseph E. Fitzpatrick in said tract of land under execution upon the judgment against him.

By the Court:  It is so ordered.