GEO. W. BRODIE v. JACK BATCHELOR and others.

A borrowed of B a sum of money for the purpose of paying for a lot, the title to which was made to A and his wife. In action against A for the the money borrowed: *Held,* that the money so borrowed was no lien on the lot so purchased, and that A was entitled to his homestead therein.

(The case of *Whitaker* v. *Elliott,* 73 N. C. Rep. 186, cited, distinguished from this, and approved.)

This was a CIVIL ACTION, on a money demand, commenced in a Justice's Court, and carried by appeal to the Superior Court of WAKE and there heard before his Honor, Judge WATTS, at June Term, 1876, upon a

CASE AGREED.

The following are the substantial facts: Batchelor, the defendant, borrowed of the plaintiff Brodie, one hundred and sixty-five dollars, giving the other defendants as sureties. This money was obtained to pay for a lot in Warrenton, which was done, and the title went to Batchelor and wife. Failing to repay the money to the plaintiff at the time appointed, he was warranted and the plaintiff had judgment.

The Justice of the Peace who gave the judgment, issued execution in which he ordered the said lot to be sold absolutely, and not subject to the homestead claimed by the defendant. From this order the defendant, Batchelor, appealed.

His Honor, on hearing the case in the Superior Court, reversed so much of the judgment of the Justice as directed the lot to be sold absolutely, affirming the balance of said judgment.

From this decision of his Honor, the plaintiff appealed.

*Moore & Gatlin,* for appellant.
*Batchelor & Son,* contra, submitted:

That the obligation sued on was not an obligation contracted for the purchase of the premises.

This case differs from *Whitaker* v. *Elliott*, 73 N. C. Rep., 186. In that case the consideration of the contract of endorsement sued on was the land purchased by the defendant from the plaintiff, and the obligation was incurred or contracted for the purchase of the land. In our case the contract for the purchase of the land was with another party and was completed and the equitable estate of the defendant in the land fully acquired before the contract sued on was thought of.

The purchase of the land entered in no way into this contract.

Suppose the defendant had borrowed the money from the plaintiff for the purpose of paying the last payment on the land, and had so applied it; could the plaintiff have alleged then that the obligation was contracted for the purchase of the land? Yet we submit that disclosing the purpose for which the money was borrowed cannot change the nature the contract as originally made.

This is an action for the recovery of the money alone, and, therefore, the equities of all the parties arising out of the promises of the defendant to give a mortgage on the land

cannot arise in this case. The wife is not a party and the pleadings do not set up any of these matters. The only question is as to the execution.

The defendant and wife are joint owners, therefore the land is not liable to sale under execution. *Motly* v. *Whitemon*, 2 D. & B., 537 ; *Needham* v. *Branson*, 5 Ired., 426 ; *Woodford* v. *Higly*, 1 Winston, 237 ; 4 Kent, 362 ; Roper on Hus. & Wife, 51, 52.

BYNUM, J. In *Whitaker* v. *Elliot*, 73 N. C. Rep., 186, Whitaker was the bargainor and Elliot the bargainee, who in payment for the land, gave the plaintiff notes of third persons, which he endorsed and thus made his own. Then it was held that these notes were obligations contracted for the purchase of the premises, and that the defendant was not entitled to homestead against their payment.

In this case the plaintiff, Brodie, was not the bargainor. The defendant purchased of a third person, who has received the purchase money, executed a deed, and has no cause of complaint. The bargainor is out of the case. The land was bought from A, the money was borrowed from B, transactions independent of each other, made at different dates, and in no wise connected the one with the other.

The language of the Constitution is: "But no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises."

It is clear that the obligation must be contracted with the bargainor, and as the consideration for the purchase. The intent of the borrower to make a certain application of the money is not the measure of his liability. When he obtained the money it was his own, unaffected by any trust, and he could apply it or not in payment of his note for the land. It was not a contract of purchase of land, but a contract of borrowing. The consideration for the money was not land, but the note of the defendant with security for its

repayment, and the additional promise to make the plaintiff a mortgage of the land, which was void for want of writing.

The defendant is entitled to his homestead as against this debt.

PER CURIAM.         ·         Judgment affirmed.