JOSEPH J. FOX and wife v. ROBERT BROOKS and others.

*Homestead—Obligation contracted for the purchase of Land.*

A party, whose contract for the purchase of land has not been discharged, is
not entitled to homestead against a judgment obtained on the same ; there-
fore, where the bargainee contracted with the bargainor to pay a note which
the latter owed to a third person, in consideration of a land purchase, *it
was held* that the land is subject to the payment of such debt.

(*Whitaker* v. *Elliott,* 73 N. C., 186 ; cited and approved).

EJECTMENT tried at Fall Term, 1882, of CHATHAM Supe-
rior Court, before *Shipp, J.*

The *feme* plaintiff claimed the land by virtue of a sheriff's
sale (and deed to her) under an execution issued upon a judg-
ment, duly docketed in the superior court of Chatham county,
rendered on a note as follows : "One day after date we promise
to pay Frances Dorsett, or order, the sum of fifty dollars for
value received, as witness our hands and seals, March 5th, 1856.
(Signed and sealed by William B. Dorsett, Joseph J. Fox and
J. T. Brooks)."

The defendant, as tenant of his co-defendant, Joab T. Brooks,
claimed the land as the homestead of said Brooks.

One Gilliland, introduced as a witness by the plaintiff, testi-
fied that he was the agent in 1869, and for some time before, of
Dorsett, who was the owner of the note upon which the judg-
ment was rendered, and the note was given by William B. Dorsett
and Joseph J. Fox for money borrowed from Frances Dorsett ;
that in the fall of 1869, the defendant, Brooks, and Dorsett, who
was the principal in the note, came to witness and he (witness)
showed them the note ; that they, in the presence of each other
told the witness that said Brooks had bought from said Dorsett
the land in controversy, and that he (Brooks) was to pay the said
note as part of the purchase money due by him to Dorsett ; that
the payment of the note was to be the first of the purchase money

paid on the land, and was to be credited on the purchase money ; and thereupon the said Brooks signed the note, saying that he was safe in doing so, as the payment of the note was to be a credit on the purchase money of the land in question.

The defendant, Brooks, in his own behalf then testified that he did not buy the land from Dorsett until 1870, and that he signed the note in question simply as surety for Dorsett, who was his father-in-law, and who was then expecting to leave the state, and was threatened with trouble on account of the note.

There was other evidence that the land was purchased by Brooks in 1870. It was admitted that no homestead was laid off to Brooks prior to the sale of the land by the sheriff.

The only issue submitted to the jury was as follows :

"Were the plaintiffs at the time of the commencement of this action the owners in fee of the land in question ?"

The defendant's counsel asked His Honor to instruct the jury, 1st. "That if they shall find that William B. Dorsett owed Frances Dorsett the note upon which judgment was obtained in 1856, and that J. T. Brooks signed the same in 1869, and promised to pay out of the money he owed William B. Dorsett for the purchase of the land, then the plaintiff cannot recover. 2d. That from the evidence adduced, the note was not given in consideration for the purchase of land by J. T. Brooks from William B. Dorsett."

In response, His Honor charged the jury that if they were of the opinion from all the testimony that the defendant, Brooks, signed the note as surety for Dorsett, or that he signed it and undertook its payment to relieve said Dorsett from threatened trouble, then the plaintiff could not recover, the defendant being entitled to the land in question as the homestead exemption of the defendant Brooks; but if they shall be of opinion that Brooks signed the note and undertook its payment, in consideration of the purchase of the land in question, and that he was moved to sign it and undertook its payment as part of the price of the land, and that if the signing of the note by Brooks, was on his

part an obligation contracted for the purchase of the land in question, then the defendant, Brooks, would not be entitled to his homestead exemption in the land, and the plaintiff would be entitled to a verdict.

The jury found the issues in favor of the plaintiffs. There was judgment accordingly, and the defendant, Brooks, appealed.

*Mr. John M. Moring,* for plaintiffs.
*Mr. John Manning,* for defendant.

Ashe, J. The only question presented by the record is, whether the defendant is entitled to his homestead in the land in controversy. Article ten, section two of the constitution provides that every homestead and the dwelling and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof, &c., shall be exempt from sale under execution, or other final process obtained on any debt. But no property shall be exempt from sale for taxes or for the payment of obligations contracted for the purchase of said premises.

And this raises the inquiry, whether the note signed by the defendant upon which the judgment was rendered, under which the land was sold, was such an obligation—contracted for the purchase of the land in question—as is contemplated by the constitution.

In the case of *Whitaker* v. *Elliott,* 73 N. C., 186, this court said : "In the construction of a state constitution, words are not to be taken in a narrow and technical sense, but in a general and popular sense, so as to give effect to the intent of the people in adopting it. The word 'obligation,' as here used, therefore means a debt contracted to be paid or a duty to be performed by the purchaser, as the consideration of the purchase of the premises."

The term "obligation" then, is not used in its technical sense, but embraces every contract to pay for the land, whether by specialty or parol ; but the contract, we are of the opinion, must

be made with the bargainor and the consideration must be the price of the land purchased.

In this case the defendant purchased the land from William Dorsett, and, as part of the consideration for the purchase, agreed to pay the amount of the note which said Dorsett owed to the plaintiff—-the payment of which was to be credited on the amount which the defendant had contracted to pay Dorsett for the land. The obligation to pay the note was contracted with Dorsett, the bargainor, as the consideration in part of the purchase, as much so as if he had given his note to Dorsett for the price, and he had delivered it over to the plaintiff in payment of his note. In that case, there can be no doubt the land for the purchase of which the note was given would be subject to its payment.

When the defendant, in consideration of the purchase of the land, promised Dorsett that he would pay the amount of the note which the plaintiff held on him, an action of assumpsit would have lain in favor of the plaintiff against the defendant, the statute of frauds not being relied upon, as in this case ; and although the defendant signed the note and thereby became liable to the plaintiff, that did not absolve him from his original contract with Dorsett to pay the note.

Suppose when judgment was obtained upon the note against Dorsett, Fox and the defendant, the execution issuing thereon had been satisfied out of the property of Dorsett, can it be questioned that Dorsett would have had the right to recover the amount collected from him, from the defendant, for the breach of his promise originally made to pay the note? The contract between Dorsett and the defendant was, that the latter, in consideration of the purchase money, should pay the note which Dorsett owed the plaintiff, not that he should *sign the note.* His doing that was a voluntary act, and his obligation to Dorsett continued until the note was paid. There is no error.

The judgment of the superior court of Chatham county is affirmed.

No error.                              Affirmed.