JOHN W. LAWSON v. EPPY PRINGLE.

*Estoppel—Homestead—Novation—Contract.*

The plaintiff, as administrator, sold lands under a decree, in order to raise assets. The defendant became the purchaser. When the purchase money became due, in pursuance of an agreement then made the administrator made a deed to the purchaser, reciting the receipt of the purchase money, charging himself with and accounting for the same, and the purchaser promised to pay him the amount ; *Held*,

1. That the acknowledgment of the receipt of the purchase money was not a bar to plaintiff's claim for payment.

2. That the effect of the arrangement was not to discharge the original indebtedness, but to assign it to the plaintiff ; and that the defendant was not entitled to have the land exempted as a homestead from sale under process to enforce a judgment rendered thereon.

(*Lowe* v. *Weatherley*, 4 D. & B., 212; *Mendenhall* v. *Parish*, 8 Jones, 105; *Hudson* v. *Critcher*, Ibid., 485; *Wesson* v. *Stephens*, 2 Ired. Eq., 557; *Whitaker* v. *Elliott*, 73 N. C., 186; *Fox* v. *Brooks*, 88 N. C., 234; *Brodie* v. *Batchelor*, 75 N. C., 51, and *Ponton* v. *Griffin*, 72 N. C. 362, cited).

CIVIL ACTION, begun before a Justice of the Peace and tried upon appeal before *Gilmer, Judge,* at Fall Term, 1887, of STOKES Superior Court.

The plaintiff, as administrator of Pleasant Pringle, and under license from the proper Court, sold a tract of land to the defendant, in order to make assets, for the sum of two hundred and sixty dollars. He took no note or security therefor, inasmuch as the purchaser held a claim against the intestate's estate for two hundred and twenty dollars, and was further, as distributee, entitled to a share therein of the value of ten dollars and sixty-four cents, the balance whereof, to-wit, eighty-four dollars and twenty cents, was claimed by the plaintiff as the residue on the land. At the expiration of the credit, on June 10th, 1886, the plaintiff demanded payment, and the defendant being unable to meet his obligation, directed the plaintiff to proceed and close up his administration, and he should be paid out of the land. This the plaintiff did, charging himself with the proceeds of sale of the land, and crediting himself with all due by the defendant; and on September 15th, 1887, he made a deed conveying title to the defendant, and therein reciting that the purchase money had been paid, both recognizing the fact that a part of the purchase money had not been paid. Such was the case made out on the plaintiff's proofs, while the defendant denied any indebtedness to him.

The plaintiff contended:

1. That the money due him was purchase money for the land described in the pleadings, for which he could sell defendant's interest without laying off homestead.

2 That when the plaintiff settled with the estate of his intestate, and took the debt against the defendant, it was a verbal assignment of the debt to him as an individual, and he held it against the defendant as a debt for the purchase money.

3. That the plaintiff having paid off and settled with his

intestate's estate a debt due by the defendant for purchase money (he being heir-at-law and distributee), was entitled to all and the same rights against the defendant as an individual that he had as administrator.

4. That if defendant told plaintiff to settle with the estate, and he did so, and that if he would make him a deed he should be paid the purchase money out of the land, and he did make him a deed, the plaintiff had an equitable right to sell said land for the purchase money.

His Honor being of the opinion that, according to the plaintiff's own showing, he having charged himself with the purchase money of the land, and having settled the estate and made a deed to the defendant, his claim for the said balance was not a debt for the purchase money.

Upon this intimation the plaintiff submitted to a nonsuit and appealed.

*Mr. Wm. B. Glenn,* for the plaintiff.
*Mr. W. N. Mebane,* for the defendant.

SMITH, C. J., (after stating the case). In a Court of law an acknowledgment of payment of the consideration by the bargainor in his deed, is a bar to a recovery of any part of it, as decided in *Lowe* v. *Weatherby,* 4 D. & B., 212; *Mendenhall* v. *Parish,* 8 Jones, 105; *Hudson* v. *Critcher,* Ibid., 485, and in other cases.

But in equity the estoppel may be put out of the way upon clear proof of mutual mistake, and the money due decreed to be paid. *Wesson* v. *Stephens,* 2 Ired. Eq., 557.

The only question brought up by the appeal is as to the correctness of the ruling of the Court that the plaintiff's claim, upon the evidence given in, was not a debt for the purchase money, so that execution could go against the land, superseding the homestead exemption, and that, as such, it

had been extinguished by the arrangement between the parties.

We do not attribute this effect to what was done in the premises. The defendant has never paid this portion of the purchase money to any one, and he still owes it. The debt was not discharged, but still subsists in full force against the defendant, and the only change produced, so far as he is concerned, is to substitute an assignee in place of the former creditor, but without in any way affecting the character of the indebtedness, as contracted in the purchase of the land. Most unquestionably the provision in the Constitution that "no property shall be exempt from sale for taxes, or for payment of obligations contracted for the purchase of said premises" (Art. 10, §2), does not relieve the land from liability to sale under execution for the residue of purchase money still owing by the debtor and simply passing from the plaintiff in his capacity as administrator to himself personally. The cases cited in the brief of the defendant's counsel do not support his contention that a new debt has been contracted, the consideration of which was the extinguishment of the former.

In *Whitaker* v. *Elliott*, 73 N. C., 186, notes against a third person were transferred by the vendee's endorsement, and accepted as payment of the purchase money. This was held by the Court to be an obligation for which the land could be levied on and sold, free from the homestead exemption.

In *Fox* v. *Brooks*, 88 N. C., 234, the defendant agreed, in paying for the land, to take up a note on which the vendor was bound, and failed to do so. It was declared that the sum so to be paid remained as purchase money, and was paramount to the homestead in its claim to be satisfied, under final process, out of the land.

In *Brodie* v. *Batchelor*, 75 N. C., 51, the decision was, that a loan of money to the vendee to enable him to pay for the lot bought, and which was so used, did not subrogate the lender to the position and to the possession of the rights of

the vendor, who had been paid, and the debt could in no proper sense constitute an obligation for unpaid purchase money.

The true test is this: Does the vendee owe the purchase money, or any part of it? and if so, the debt comes within the constitutional provision, and it is immaterial to whom the money is due. The assignee, when it is assigned, becomes the owner of the debt, but it is still a debt incurred in making the purchase. Nor is it material whether the debt exists in the form of a note or bond or in a verbal contract it is equally capable of being transferred. *Ponton* v. *Griffin*, 72 N. C., 362.

The transaction is simply this: The defendant agreed to pay the plaintiff personally the debt he owed him as administrator, if the latter would advance the amount due in settling the administration account, and the legal effect was an assignment of the debt—not its satisfaction. There is error. The nonsuit must be set aside and a new trial awarded.

Error.