HENRY S. GIDDENS, *Appellant,* v. M. JULIA DICKENSON, *et al., Appellees.*

Under the provision of the constitution that a homestead together with one thousand dollars worth of personal property, shall be exempt from forced sale under process of any court, but that no property shall be exempt from sale for the payment of obligations contracted for the purchase of said property, a contractor who purchases material and uses it in the erection of a building for another cannot have an exemption in the amount due him for erecting the building, as against claims for the purchase price of the material so purchased and used.

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*J. T. McCollum* and *James F. Glen,* for Appellant;

*W. C. Bigger, Victor H. Knight, Dickenson & Dickenson, H. P. Baya, Morris M. Givens,* and *Wall & McKay,* for Appellees.

WHITFIELD, C. J.—The appellant brought a bill in equity in the circuit court for Hillsborough county against the appellees in which it is in substance alleged that the complainant is the head of a family residing in the State of Florida and as such is under the constitution entitled to an exemption of one thousand dollars worth of personal property; that complainant is possessed of no personal property in the State of Florida except his clothing and wearing apparel of a value not exceeding twenty-five dollars and a few carpenter's tools of the value of five dollars except the money due to him by the defendant M. Julia Dickenson under a contract hereinafter mentioned; that on May 10, 1909, the complainant entered into a contract with said M. Julia Dickenson and her husband, whereby complainant agreed to erect for the said M. Julia Dickenson a certain building on lot 3 of block 3 in Washington Subdivision of the city of Tampa, the said premises being the separate statutory property of M. Julia Dickenson; that complainant completed the building and thereby said M. Julia Dickenson became indebted to him in the sum of $1,190.40 which still remains due and owing from her to him on account of the construction by complainant of the said building; that complainant constructed said building for the defendant by his personal labor and services and the said amount is due complainant for his personal labor and services in the construction thereof; that after the completion of said building certain creditors of complainant filed claims or instituted proceeding in the same court seeking to enforce liens against the premises for materials furnished to complainant, and the defendant M. Julia Dickenson filed in the court a bill of interpleader to which the other defendants herein were made defendants, and in the bill of interpleader the said M. Julia Dickenson averred that there was due and owing, on account of the construction of said building, to complainant $1,179.60,

21—Vol. 60.

which sum she offered to pay into the court to abide its decree; that said suit is still pending and undetermined, and the defendant M. Julia Dickenson still retains in her possession the said $1,179.60; that the premises upon which the building was constructed being the separate statutory property of the defendant M. Julia Dickenson, a married woman, the said material men have no liens thereon, nor have they any claim against M. Julia Dickenson by reason of the furnishing of said material, as none of such materials were furnished to her or at her instance or used with her knowledge or assent in the construction of the said building, nor was her separate property chargeable therefor under the constitution; that complainant was not made a party defendant to said bill of interpleader, nor was he served with process in said suit, nor did he appear therein or become a party thereto, and no decree has been rendered therein; nor was complainant made a party defendant to any suit brought to enforce any lien or claims against the premises or by any of the defendants hereto; that complainant is informed and believes that he is entitled under the constitution to exempt the said $1,179.60 due by M. Julia Dickenson to complainant on account of his personal labor and services in constructing the said building, or if not entitled to all, he is entitled to so much thereof as together with his said wearing apparel and tools will make a total exemption of $1,000.00; that the defendants herein, are the only parties made defendants to the said bill of interpleader, and the only parties asserting any claim or interest against the said premises or the said money. It is prayed that the complainant be allowed his exemption of $1,000.00 out of the $1,179.60 due by the defendant M. Julia Dickenson to complainant for his personal labor and services in the construction of the said building.

A demurrer to the bill of complaint was sustained with leave to amend, and the complainant on appeal urges that an exemption may be claimed under the circumstances alleged in the bill of complaint.

Section 2527 General Statutes of 1906 provides that "the circuit courts shall have equity jurisdiction to order and decree the setting apart of homesteads and of exemptions of personal property from forced sales."

The constitution in section 1 of article X provides for an exemption from forced sale under process of any court, of one thousand dollars worth of personal property owned by the head of a family residing in this State, but expressly provides that no property shall be exempt from sale for the payment of obligations contracted for the purchase of said property.

It is alleged that the claims intended to be avoided are "for materials furnished to your orator," which by necessary inference were used in the erection and construction of the building, and constitute a part at least of the amount due the complainant by M. Julia Dickenson "on account of the construction of the said building."

The allegations that "your orator constructed the said building for the said defendant by his personal labor and services and the said amount is due your orator for his personal labor and services in the construction thereof," do not rebut the conclusion drawn from the other allegations of the bill of complaint that the indebtedness to the complainant is for the construction of the building including the material used therein. If this is so the exemption allowed the complainant does not extend to the payment of obligations contracted for the purchase of the material alleged by the complainant to have been furnished to him.

The complainant cannot have an exemption to him of amounts due by him to others for material furnished to him and used in the construction of the building for which

the defendant M. Julia Dickenson is indebted to the complainant. If such an exemption were allowed it would in effect violate the provision of the constitution that no property shall be exempt from sale for the payment of obligations contracted for the purchase of said property. See Platt v. Platt, 50 Fla., 594, 39 South. Rep., 536.

The decree appealed from is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.