**In re DAVID et al.**

No. 4032.

District Court, S. D. Florida.

Dec. 8, 1931.

ed; each partner acquiring one store individually.

The following provision as to partnership liabilities was contained in the dissolution agreement: "It is further covenanted and agreed that as to the liabilities owing now by the partnership amounting to approximately Twenty Thousand Dollars ($20,000), the said Abdo David as between the parties hereto, assumes and becomes liable for Eight Thousand Dollars ($8,000) of the said indebtedness and the said Naif David assumes and becomes liable for the sum of Twelve Thousand Dollars ($12,000), of the said indebtedness."

On October 19, 1929, an involuntary petition in bankruptcy was filed against the partnership, as such, and against the members thereof individually, upon which petition there was a subsequent adjudication. The partnership liabilities individually assumed by the respective partners upon dissolution remain unpaid.

Abdo David claimed a homestead exemption under the Florida Constitution out of the stock and fixtures in the store conveyed to him in severalty, and Naif David claimed a like exemption out of the stock and fixtures conveyed to him under the dissolution agreement. The referee sustained exceptions to the trustee's report setting off these exemptions, and disallowed the same. This order of the referee is before the court for review, the individual bankrupts contending that they are not precluded from claiming homestead exemptions out of the former partnership assets conveyed to them in severalty prior to adjudication.

At any time before firm creditors acquire a lien upon partnership assets, the partners acting in good faith may sever their joint ownership of the property by dividing it amongst themselves in severalty, so that it becomes individual property. Thereafter, the individual owners, if heads of families residing in this state, may successfully claim a homestead exemption out of such property, even though the partnership firm was insolvent when the division of such property occurred and although the purpose of the dissolution was to enable the former partners to exempt the property from partnership debts. Lee v. Bradley Fertilizer Co., 44 Fla. 787, 33 So. 456; Crawford v. Sternberg (C. C. A.) 220 F. 73. But in no event may an exemption be claimed out of property as against an obligation contracted for the purchase price thereof. Florida Constitution, article 10, § 1.

R. Nelson Smith, of Jacksonville, Fla., for petitioners.

D. J. Lewis, of Jacksonville, Fla., for respondents.

STRUM, District Judge.

Prior to October 18, 1929, Abdo David and Naif David, as copartners, owned and operated two mercantile stores at different locations in the city of Jacksonville. On that date these partners executed a dissolution agreement, by which the business was divid-

In the Lee and Crawford Cases, just cited, there was, respectively, a mere division and a mere withdrawal of partnership assets. In neither of those cases was there an individual assumption of existing partnership liabilities which would constitute, as between the former partners, an obligation contracted for the purchase price of the property conveyed to themselves in severalty, such as exists in this case.

■ The dissolution agreement, here under consideration, did not affect the rights of creditors of the partnership. To them the partners remained jointly and severally liable for the full amount of the partnership liabilities, notwithstanding their dissolution agreement inter sese. As between the partners themselves, however, each assumed a stated portion of the partnership liabilities, from which there is necessarily implied a promise to pay the same in the amount assumed and thereby to pro tanto relieve the other partner therefrom.

■ These reciprocal promises were amongst the considerations for which each partner conveyed to the other, in severalty, a portion of the partnership assets. Hence, the assumption by each partner of the stated portion of the partnership liabilities was an "obligation contracted for the purchase price" of the property conveyed to the partners, in severalty, as contemplated by the Florida Constitution, article 10, § 1. The property so acquired cannot be exempted as against the obligation contracted for the purchase price thereof. Idem.

Had bankruptcy not intervened, and had either of the former partners failed to pay the proportion of the partnership liabilities thus assumed by him, the other partner by appropriate action could have subjected the former partnership goods, conveyed in severalty to the delinquent partner, to the payment of the indebtedness assumed by such delinquent partner as the purchase price thereof, as was done by the retiring partner who was complainant in Platt v. Platt, 50 Fla. 594, 39 So. 536. The delinquent partner could not claim a homestead exemption out of such goods as against a judgment rendered to subject them to the obligation incurred for the purchase price thereof.

■ The adjudication herein runs against not only the partnership, as such, but also against each of the Davids, individually. Therefore, the trustee herein succeeds to and may enforce the rights and remedies of the individual bankrupts, for which purpose the trustee occupies toward each of the Davids, individually, the same relation or status as the retiring partner in the Platt Case, supra. Bankruptcy Act, § 70a (11 USCA § 110(a). The trustee also occupies the status of a creditor holding a lien. Bankruptcy Act, § 47 (11 USCA § 75).

In other words, had bankruptcy not intervened, and had one of these partners sued the other to subject the latter's portion of the goods to the payment of the obligation assumed by him as the purchase price thereof, the delinquent partner could not exempt from the judgment obtained in such suit the goods thus acquired by him from the partnership. Platt v. Platt, supra. The same is necessarily true as against the trustee herein who succeeded to the rights and remedies of the individual bankrupts upon their adjudication as bankrupts. The trustee, standing in the shoes of the individual bankrupts, is therefore in a position to assert, as against the claimed exemptions, the purchase-money obligations which are still unpaid, and thereby effectively resist the claimed exemptions.

■ Organic and statutory provisions relating to homestead exemptions should be liberally construed, but not so as to make them an instrument of fraud or imposition upon creditors. Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A. L. R. 1409; Platt v. Platt, supra.

■ The court, therefore, is of the opinion that Platt v. Platt, supra, controls here. The construction placed upon the homestead provisions of the Florida Constitution by the Supreme Court of Florida is binding on this court in suits involving homestead rights. Croker v. Croker (D. C.) 7 F.(2d) 218. For the reasons heretofore stated, this case is to be distinguished on the facts from Lee v. Bradley Fertilizer Co. and from Crawford v. Sternberg, supra.

The orders of the referee here under review are, therefore, confirmed.