FORNEY SMITH v. D. P. HIGH, Adm'r and others.

*Homestead—Execution—Lien.*

A note or bond given for land is not a *lien* on the land for the purchase money, but no property of the vendee is exempt, under the constitution of 1868, from sale under *execution* against him for payment of obligations contracted for the purchase thereof.

(*Womble* v. *Battle*, 3 Ired. Eq., 182 ; *Cameron* v. *Mason*, 7 Ired. Eq., 180 ; *Simmons* v. *Spruill*, 3 Jones Eq., 9 ; *Hoskins* v. *Wall*, 77 N. C., 249, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of COLUMBUS Superior Court, before *Gudger, J.*

The action was brought by the plaintiff against the defendant as administrator of Forney George who died intestate in 1879, and against Mary and Elizabeth George, his heirs at law, in which he seeks to recover the amount of a writing obligatory executed by the intestate, as follows : " On or before the first day of January, 1879, I promise to pay Forney Smith five hundred dollars with interest from date, for value received of him.   This 25th of November, 1876." (Signed and sealed by F. George.)   The plaintiff alleged that the bond was given for a tract of land described in the complaint, and which has descended to the said heirs at law, and prays judgment for the amount of bond and interest, and that the land be sold to pay the same, with costs of suit.

The defendants admit the execution of the bond, but deny that it was given for the purchase money of the land, and say that even if it was, it is no lien upon the land.

The issues raised by the pleadings were submitted to the jury who found them in favor of plaintiff, and thereupon the court gave judgment for the amount of the bond, but refused to order the land to be sold to pay the same; and

the plaintiff appealed from the judgment refusing to order the land sold.

*Mr. B. B. Lewis,* for plaintiff.
*Mr. D. J. Devane,* for defendants.

ASHE, J.   The only exception taken in the court below was to the refusal of the court to grant an order to sell the land described in the complaint, and the consideration of the alleged error involves the only question raised by the appeal, to-wit, whether a note or bond given for land is a lien on the land for the purchase money.

It has been settled in this state that the vendor of real estate who has conveyed it by deed has no lien upon the land for the purchase money.   *Womble* v. *Battle,* 3 Ired. Eq., 182 ; *Cameron* v. *Mason,* 7 Ired. Eq., 180 ; *Simmons* v. *Spruill,* 3 Jones Eq., 9.   And this is still the law, unless as contended it has been altered by the constitution of 1868.   But there is nothing in that instrument which has effected any alteration of the law in this respect.

It might at first sight seem that such a lien as that contended for by the plaintiff was given by the concluding sentence of section two of article ten of the constitution, where it is declared : " But no property shall be exempt from sale for taxes or for payment of obligations contracted for the purchase of said premises."   In interpreting this concluding part of the section which was added as a qualification of its provisions, it must be construed with the context which declares that the real property, &c., of any resident of this state not exceeding the value of one thousand dollars shall be exempt from sale under *execution* or other final process, obtained on any debt.   What follows is a proviso or exception to the general provision of the section, and should be construed as if it read : " But no property shall be exempt from sale for taxes or from *execution* for payment

of obligations contracted for the purchase of said premises."
This gives no lien to the holder of the note for the purchase
money, but its plain and evident meaning is, that if such
holder shall obtain a judgment on the instrument and issue
his *execution* against the vendee, his right to a homestead in
the land purchased by him shall not be an impediment to
the sale of the land under the execution. The creditor
holding the note may proceed to sell, just as he might have
sold, any land belonging to the debtor before the adoption
of the constitution.

And for further proof that the note creates no lien on the
land, if the vendee should sell the land to another before
any docketed judgment against him, the land in the hands
of the purchaser would not be liable to be sold under an
execution against the first vendee. In the case of *Hoskins*
v. *Wall*, 77 N. C., 249, Chief Justice PEARSON speaking for
the court, said : " Suppose the vendee sells the land to one
who knows it has not been paid for, the purchaser has a
good title, for the vendor can get no judgment against him,
and a judgment against the vendee will not reach property
that he has sold. So the vendor, although he has the notes
given for the purchase money, has no lien, nothing ' that
sticks ' like a mortgage or docketed judgment."

The two infant defendants, Mary and Elizabeth George,
were improperly made parties to the action. The judgment
of the superior court must be affirmed against D. P. High,
as administrator of Forney George, and judgment entered
in behalf of the defendants, Mary and Elizabeth, that they
go without day and recover their costs.

Modified and affirmed.