## I. H. PECK v. H. C. CULBERSON.

*Jurisdiction—Estoppel—Exemption— Vendor's Lien.*

1. The plaintiff brought an action before a Justice of the Peace to recover balance—less than $200—due upon a note given in purchase of land. The defendant answered, alleging that there was a failure of consideration, growing out of plaintiff's fraudulent representations in respect of the title, and demanded judgment that the action be dismissed because the title to real estate was involved. Upon the proofs, the Justice refused to dismiss, and rendered judgment for the plaintiff, from which defendant appealed, and, in the Superior Court, the judgment was reversed and action dismissed. Thereupon, plaintiff brought his action for same relief in Superior Court: *Held,* that, notwithstanding the judgment dismissing the action may have been erroneous, it was *res judicata;* that the defendant was estopped thereby from alleging a want of jurisdiction in the Superior Court, and that, under section 838 of *The Code,* the Superior Court had jurisdiction of the cause. (MER-RIMON, C. J., dissenting.)

2. The doctrine of vendor's lien does not prevail in this State. The Constitution simply provides that property shall not be exempt, in the hands of the purchaser, from sale upon execution for the purchase money.

CIVIL ACTION, tried before *Merrimon, J.,* at Spring Term, 1889, of CHEROKEE Superior Court.

This action was begun in the Superior Court, and plaintiff asked judgment for $100 balance due on a note given for the purchase money of land, and that the land be condemned for the payment thereof. The defendant answered, admitting purchase of the land and execution of the notes, but alleged a failure of consideration, in that the plaintiff had falsely and fraudulently represented that the title to the land was perfect, when he well knew it was not, and, by reason of such defective title, he had been damaged more than the $100 balance claimed on the purchase money, and set up a counter-claim. The reply denied all the allegations of the answer. The plaintiff filed an amendment to the com-

plaint, setting up that he had brought suit for this same cause of action at first before a magistrate; that defendant had filed the same defence there as in this case, and in writing, and asked to have the action dismissed because title to real estate would come into controversy, and offered proof; that the magistrate had refused the motion, and gave judgment for $100 in favor of plaintiff; that, on appeal by defendant to the Superior Court, *Gudger, J.*, had reversed the magistrate's judgment and dismissed the action on the ground that title to land was in controversy. Thereupon, plaintiff had begun this action in the Superior Court, and he invoked the benefit of section 838 of *The Code*. There was no answer filed to the amended complaint. The presiding Judge, being of the opinion that the complaint did not disclose any equitable element, but was a simple action for the recovery of a sum less than $200, held that the Superior Court had no original jurisdiction, and dismissed the action, and plaintiff appealed.

*Mr. J. W. Cooper*, for plaintiff.
No counsel for defendant.

CLARK, J.—after stating the facts as above: This was an action for a balance of $100 due on a note given for the purchase money of land, and, though the plaintiff asks, in his complaint, that the land be condemned for the payment of his debt, the jurisdiction is determined, not by the remedy he asks, but by what the facts alleged in his complaint will entitle him to demand. There is no vendor's lien for purchase money of land in this State. *Womble* v. *Battle*, 3 Ired. Eq., 182; *Cameron* v. *Mason*, 7 Ired. Eq., 187; *Simmons* v. *Spruill*, 3 Jones' Eq., 9. The Constitution does not change this, but simply provides that no property shall be *exempt from sale* under execution issued on a debt contracted for the purchase thereof. *Smith* v. *High*, 85 N. C., 93.

Upon the original complaint, it is clear the Superior Court had no jurisdiction unless title to land is in controversy, as there was no equitable element set out, and the "sum demanded" was less than $200. *The Code*, § 834. The plaintiff relies upon his amended complaint, which is not denied, and claims that, by reason of the judgment in the former action that title to land is in controversy, that fact is already adjudicated between the parties. Section 838 of *The Code*, in substance, provides that, when an action is begun before a magistrate, and the defendant pleads that title to real estate is in controversy, and, upon proof, the action is dismissed upon that ground, the plaintiff may prosecute an action for the same cause in the Superior Court, and the defendant shall not be admitted, in that Court, to deny the jurisdiction.

It is true that, in this case, the magistrate overruled the defendant's plea, but, on an appeal by the defendant to the Superior Court, that Court found that the title to real estate was in controversy, and dismissed the action on that finding, as appears by the judgment. Such action of the Superior Court, reversing the magistrate's judgment, has, in purview of section 838, exactly the same effect as if the judgment of dismissal had been originally entered in the magistrate's Court, as the appellate Court declared should have been done. The judgment that a magistrate's Court did not have jurisdiction of this same cause of action, and that title to real estate would come in controversy, was procured by defendant's persistence, and in a suit between himself and the plaintiff. It is *res judicata*. It may be that such judgment was erroneously made, but that cannot be inquired into in this collateral way.

It would be hard to imagine a case in which section 838 would apply, if not to this. It would be a hardship if a defendant could have an action dismissed by a magistrate on his plea that title to real estate is in question, and then,

when suit is brought by the same plaintiff for the same cause of action in the Superior Court, he should be allowed to plead that title to land did *not* come in controversy, and have the cause dismissed there.   To prevent such absurdity, this statute was passed, so that if, on defendant's motion, it is adjudged in the magistrate's Court that title to real estate will come in controversy, such finding shall be conclusive between same parties in the new action.   A somewhat similar rule prevails in criminal actions, when the defendant pleads, in abatement to the jurisdiction, that the indictment is pending in the wrong county.   If such plea is found for defendant, and the cause is removed to the county suggested by him, this is conclusive upon a trial in the latter county (*The Code*, § 1194); and, on a plea in abatement for a misnomer, if the name set up by defendant is admitted or found for him, it is conclusive and cannot be, afterwards, denied.

It was error to dismiss the action, and the Court should have proceeded to a trial upon the merits.

Reversed.


MERRIMON, C. J. (dissenting): The Constitution (Art. 4, § 27) provides that "the several Justices of the Peace shall have jurisdiction under such regulations, as the General Assembly shall prescribe for them, of civil actions founded on contract wherein the sum demanded shall not exceed two hundred dollars, and wherein the title to real estate shall not be in controversy," &c.

The statute (*The Code*, § 834) prescribes that "Justices of the Peace shall have exclusive original jurisdiction of all civil actions founded on contract except (1) wherein the sum demanded, exclusive of interest, exceeds two hundred dollars; (2) wherein the title to real estate is in controversy."

The other statute (*The Code*, § 922) prescribes that "The Superior Court shall have original jurisdiction of all civil

actions, whereof exclusive original jurisdiction is not given to some other Court," &c.

This action began in the Superior Court, and the cause of action alleged is one hundred dollars, the balance due upon a promissory note executed by the defendant to the plaintiff. It is not alleged in the complaint, as amended, that the title to real estate is in controversy. It, therefore, plainly appeared, from the record, that a Justice of the Peace had exclusive original jurisdiction of the cause of action, and the Superior Court could not have original jurisdiction of it. Both the Constitution and the statutes so provided. In such a case, parties cannot consent to give jurisdiction, nor can they waive objection to it, because the jurisdiction in such cases is settled and established by the law, and is not otherwise given.

When it appears from the record that the Court cannot have jurisdiction of the cause of action alleged in the pleading, it should, on motion of a party, or *ex mero motu*, dismiss the action, unless the defect can be cured by appropriate amendment asked for by a party. When they do, their acts are nugatory and void.

It is said, however, that the plaintiff brought his action before a Justice of the Peace, founded on the same cause of action; that the defendant there suggested and alleged that the title to real estate was in controversy, and it was so adjudged on appeal in the Superior Court and the action dismissed, and, therefore, the Superior Court had original jurisdiction conferred by the statute (*The Code*, § 838). This, it seems to me, is a serious mistake. The Legislature could not so confer jurisdiction, because the Constitutional provision forbids it, certainly in effect. But properly interpreted, the statute does not so undertake or intend to provide.

It prescribes that, "When an action, before a Justice, is dismissed upon answer, and proof by the defendant that

the title to real estate is in controversy in the case, the plaintiff may prosecute an action for the same cause in the Superior Court, and the-defendant shall not be admitted in that Court to deny the jurisdiction by answering, contradicting his answer in the Justice's Court." This does not imply that the plaintiff may bring his action in the Superior Court and allege a cause of action for less than two hundred dollars arising upon contract, and the Court shall have jurisdiction of the same. It simply means that the plaintiff may so bring his action and allege his cause of action *as admitted and settled as to its character*, at the instance of the defendant in the Court of Justice of the Peace, and that, in the Superior Court, the defendant shall not be allowed or heard to deny his answer in the former Court, or to question the plaintiff's claim as it is alleged. The plaintiff, in this action, should have alleged that, in connection with the debt alleged, the title to real estate came in question, and that it was so settled in the Court of the Justice of the Peace. This allegation, if it had been made in the complaint, the defendant could not put in question, because the statutory provision last cited would not allow him to do so. Thus it would have appeared upon the face of the pleading that the Court had jurisdiction.