NEW HANOVER SHINGLE MILLS v. RICHARD SANDERSON ET AL.

(Filed 12 March, 1913.)

1. Liens—Purchase Money—Deeds and Conveyances.

No lien for purchase money exists by operation of law in North Carolina in favor of the vendor; and where a grantor of standing timber only provides for the terms of deferred payment in his deed, without reserving the title, he has no lien on the timber conveyed.

2. Same—Pleadings—Demurrer—Fraud—Questions for Jury.

Where A alleges as his cause of action against B, that he has conveyed to him certain standing timber for which deferred payments were to be made, and it does not appear that he has reserved the title to secure these payments; that B has conveyed to C, who has his deed recorded; and that thereafter he and B have entered into a contract whereby the latter was to cut the timber in payment at a certain price based on the stumpage, and sues out an attachment on a part of the timber B has conveyed to C, a demurrer to the complaint is good; but where fraud

is alleged in the transaction between B and C, that it was with the intent to cheat and defraud the plaintiff, an issue is properly raised for the determination of the jury.

3. **Pleadings—Fraud—Defective Statement—Amendments.**

Where a debtor whose property is sought to be attached has conveyed it to his codefendant, and there is an allegation in the complaint that it was with the intent to cheat and defraud him, and that the deed was fraudulently made, while not as explicit and full as it should be, is a defective statement of a good cause of action, and may be cured by amendment.

APPEAL from *Carter, J.,* at January Term, 1913, of PENDER.

Demurrer to complaint. His Honor overruled the demurrer and required defendants to answer over. Defendants appealed.

*Stevens, Beasley & Weeks, Bland & Bland, and Winborne & Winborne for plaintiff.*

*E. L. Larkins, J. D. Kerr, and E. K. Bryan for defendants.*

BROWN, J. The facts are stated in the complaint, and appearing from Exhibits A and B attached to it, are as follows:

The plaintiff owned certain timber and conveyed it to the Cape Fear Lumber Company by deed dated 24 November, 1905, which is Exhibit B.

The Cape Fear Lumber Company conveyed a portion of said timber to Cottle & Lewis by deed dated 3 November, 1906, for an alleged consideration of $1,500. Cottle conveyed his interest to defendant Sanderson.

On 24 November, 1905, a contract was entered into between the New Hanover Shingle Mills and the Cape Fear Lumber Company providing, among other things, for the cutting and payment per thousand feet of said timber, which is Exhibit A.

Exhibit B, the deed from plaintiff to Cape Fear Lumber Company, was recorded first. The contract, Exhibit A, was recorded after the deed from Cape Fear Lumber Company to Cottle & Lewis was recorded.

The deed of plaintiffs conveyed the timber to the Cape Fear Lumber Company, and this deed, in stating how the timber is to be paid for, contains the following clause, which is about all there is relating to the payment for same:

"The party of the second part is to pay for said timber a certain price per thousand feet, the number of feet to be determined by actual measurement or by appraisement. The manner of making the appraisement, the time within which the timber is to be cut, and the price and manner of payment therefor is set forth in an agreement by the parties of the first part and the Cape Fear Lumber Company, and bearing even date herewith."

We are unable to find in Exhibit B any provision which reserves title to the timber or creates a lien upon it for the purchase money. Nor is there anything in Exhibit A which purports to give a mortgage or other enforcible lien upon the timber for the securing of the purchase money, certainly not as against a bona fide subsequent purchaser for value, whose deed was recorded before Exhibit A.

There is no purchase-money lien in this State, such as prevailed in England. This has been uniformly held since Womble v. Battle, 38 N. C., 182. White v. Jones, 92 N. C., 388; Cameron v. Mason, 42 N. C., 180; Blevins v. Barker, 75 N. C., 436; Peck v. Culberson, 104 N. C., 425.

If the complaint proceeded upon that theory alone and stated no other cause of action, we should unhesitatingly sustain the demurrer.

But the complaint avers that the Cape Fear Lumber Company is indebted to plaintiff in the sum of $1,075 for stumpage, which is the method provided by Exhibit A for the payment of the purchase money. It appears from the complaint that an attachment has been sued out against the property of the Cape Fear Lumber Company in this action, and the timber conveyed to Cottle & Lewis levied upon in the attachment proceedings, and plaintiff seeks to subject this timber to the payment of his debt, not because of a purchase-money lien, but by process of attachment duly levied.

As foundation for the attachment proceedings, the complaint alleges that the Cape Fear Lumber Company, with intent to cheat and defraud plaintiff, fraudulently undertook to convey by deed the said timber to Cottle & Lewis. The allegation of fraud is not as explicit and full as it should be, but it is rather

a defective statement of a good cause of action, and may be amended. This averment raises an issue of fraud which should be answered by defendants. The plaintiff should proceed to get service upon the Cape Fear Lumber Company, if possible.

The judgment overruling the demurrer and requiring the defendants to answer is

Affirmed.